**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOWN OF GREENBURGH, | Civil Action No. 07-CV-6966 (WCC) |
| Plaintiff, | |
| vs. | |
| SPECTRASERV, INC., and LIBERTY MUTUAL INSURANCE COMPANY, | **THIRD-PARTY COMPLAINT** |
| Defendants. | |
| SPECTRASERV, INC., and LIBERTY MUTUAL INSURANCE COMPANY, | Third-Party Civil Action No. |
| Third-Party Plaintiffs, | |
| vs. | |
| M.G. MCLAREN, P.C., and DOLPH ROTFELD ENGINEERING, PC, | |
| Third-Party Defendants. | |

Third-Party Plaintiffs Spectraserv, Inc. ("Spectraserv") and Liberty Mutual Insurance Company ("Liberty"), by and through their attorneys, Wolff & Samson, PC, as and for their Third-Party Complaint against Third-Party Defendants M.G. McLaren, P.C. ('McLaren") and Dolph Rotfeld Engineering, PC ("Rotfeld") allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the first-party action pursuant to 28 U.S.C. §1332.

2.      This Court has jurisdiction over this third-party action pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1367.

1124456.3

3.     Venue of this matter is properly established pursuant to 28 U.S.C. §1391(a)(2).

### THE PARTIES

4.     Spectraserv is a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business located at 75 Jacobus Avenue, South Kearny, New Jersey 07032.

5.     Liberty is a corporation organized and existing pursuant to the laws of the State of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116 and is authorized to transact business in the State of New York.

6.     Upon information and belief, third-party defendant McLaren is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 100 Snake Hill Road, West Nyack, New York 10994.

7.     Upon information and belief, third-party defendant Rotfeld is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 200 White Plains Road, Tarrytown, New York 10591.

### FACTUAL ALLEGATIONS

8.     Plaintiff Greenburgh has filed a complaint against defendant/third-party plaintiff Spectraserv for damages resulting from Spectraserv's alleged breach of the contract between Greenburgh and Spectraserv designated as the "Town of Greenburgh/Village of Irvington Catskill Aqueduct Pump Station Contract No. 1" (the "Contract") and alleged breach of express and implied warranties relating to its performance of the Contract, and against defendant/third party plaintiff Liberty pursuant to a performance bond Liberty issued in connection with the Contract.  A copy of the Complaint is attached as Exhibit "A".

9.     Upon information and belief, on a date unknown to Spectraserv, the Town of Greenburgh ("Greenburgh") contracted with third-party defendants McLaren and Rotfeld to provide design, surveying and other engineering services for the project known as Town of

2

Greenburgh/Village of Irvington Catskill Aqueduct Pump Station (the "Project").

10.    Upon information and belief, the agreement between third-party defendants McLaren and Rotfeld and Greenburgh required third-party defendants McLaren and Rotfeld to review submissions from contractors, including their bids, and to oversee and monitor the construction of the Project to ensure that the contractors adhered to their designs.

11.    Upon information and belief, third-party defendants McLaren and Rotfeld prepared plans and specifications, including construction drawings describing the existing site conditions and proposed construction for the Project (the "construction and design documents") with knowledge that the construction and design documents would be utilized and relied upon by the contractors for the particular purpose of constructing the Project.

12.    Upon information and belief, third-party defendants McLaren and Rotfeld aided Greenburgh in preparing a bid packet including the construction and design documents, through which bids for the construction of the Project were solicited.

13.    The bid packet prepared by Greenburgh and third-party defendants McLaren and Rotfeld contemplated that the bid packet was to be received, used and relied upon by Spectraserv and other contractors who submitted bids to Greenburgh for the particular purpose of constructing the Project.

14.    On or about June 22, 2000, Spectraserv entered into the Contract with Greenburgh, which included constructing a 500,000 gallon concrete tank (the "Contact Tank").

15.    Spectraserv completed performance of the Contract in accordance with and in reliance upon the construction and design documents prepared and provided by third-party defendants McLaren and Rotfeld, and its services were performed in concert with third-party defendants McLaren's and Rotfeld's instructions.

16.    The construction and design documents provided to Spectraserv were prepared based on flawed calculations and improper assumptions made by third-party defendants McLaren and Rotfeld, resulting in construction and design documents that were inaccurate,

3

defective and deficient.

17.    Due to inaccuracies, defects, and deficiencies in the construction and design documents furnished by the third-party defendants McLaren and Rotfeld, the Contact Tank developed cracks and imperfections.

## AS AND FOR A FIRST CAUSE OF ACTION
### Negligence

18.    Third-Party Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 17 as if set forth at length herein.

19.    The contract between Greenburgh and third-party defendants McLaren and Rotfeld anticipated that Spectraserv and other contractors would rely upon the construction and design documents provided by McLaren and Rotfeld.

20.    Third-party defendants McLaren and Rotfeld were aware that the construction and design documents would be relied upon by Spectraserv and other contractors in constructing the Project.

21.    Because third-party defendants McLaren and Rotfeld were aware that the construction and design documents would be relied upon by Spectraserv, McLaren and Rotfeld owed Spectraserv a duty under their contract with Greenburgh to perform in accordance with the standard of care ordinarily exercised by qualified professionals performing the same type of services under similar conditions in New York to draft and deliver accurate and non-deficient construction and design documents.

22.    Third-party defendants McLaren and Rotfeld breached their duty of care to Spectraserv by negligently drafting and delivering inaccurate and defective construction and design documents.

23.    Spectraserv reasonably relied upon third-party defendants McLaren's and Rotfeld's inaccurate and defective construction and design documents and upon their abilities and expertise.

4

24.     Spectraserv performed work under the Contract with Greenburgh in accordance with the construction and design documents furnished by third-party defendants McLaren and Rotfeld.

25.     Due to the inaccuracies, defects, and deficiencies in the construction and design documents, the Contact Tank developed cracks and imperfections.

26.     If Spectraserv or Liberty are found liable to plaintiff Greenburgh, for any damages alleged in plaintiff's Complaint, such liability will have been brought about and caused in whole as a result of the inaccurate, defective and deficient construction and design documents provided by third-party defendants McLaren and Rotfeld.

27.     Liberty, as surety for Spectraserv, may assert all of the claims in this Third-Party Complaint against third-party defendants McLaren and Rotfeld pursuant to the terms and conditions in a General Agreement of Indemnity executed by Spectraserv in connection with the bonds issued for the Project, among others.

28.     By reason of the foregoing, third-party defendants McLaren and Rotfeld are liable to third-party plaintiffs Spectraserv and Liberty for the claims made against them by plaintiff Greenburgh in the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### Tortious Interference With Contractual Relations

29.     Third-Party Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 28 as if set forth at length herein.

30.     On or about June 22, 2000, Spectraserv entered into the Contract with Greenburgh for the construction of the Project.

31.     As engineers and design professionals for Greenburgh, third-party defendants McLaren and Rotfeld had knowledge of the contractual relationship between Spectraserv and Greenburgh.

32.     The Contract between Spectraserv and Greenburgh provided that payments

5

would be made by Greenburgh to Spectraserv upon the approval of third-party defendants McLaren and Rotfeld based on their evaluation of the work performed by Spectraserv.

33.    Upon information and belief, third-party defendants McLaren and Rotfeld wrongfully and unreasonably withheld their approval of payment requisitions made by Spectraserv.

34.    By so doing, third-party defendants McLaren and Rotfeld intentionally and tortiously interfered with Spectraserv's contract rights, namely to be compensated for its performance under the Contract with Greenburgh.

35.    As a result of third-party defendants McLaren's and Rotfeld's intentional and tortious interference with the Contract between Spectraserv and Greenburgh, Spectraserv and Liberty have been damaged in the amount of $173,100.51.

WHEREFORE, third-party plaintiffs Spectraserv and Liberty respectfully demand:

a.    indemnification from third-party defendants McLaren and Rotfeld for the amount of any verdict or judgment which may be obtained by plaintiff Greenburgh against third-party plaintiffs Spectraserv and Liberty;

b.    judgment against third-party defendants McLaren and Rotfeld in the amount of $173,100.51, together with interest and costs; and

c.    for such other and further relief as the Court may deem just and proper.

**WOLFF & SAMSON, PC**
Attorneys for Defendants/Third-Party Plaintiffs
Spectraserv, Inc. and Liberty Mutual Insurance
Company

By _____
        DARRYL WEISSMAN  (DW-7369)
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey  07052
973-325-1500

Dated:  April 11, 2008

6

1124456.3

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
TOWN OF GREENBURGH,

                           Plaintiff,

   - against -

SPECTRASERV, INC., AND LIBERTY MUTUAL
INSURANCE COMPANY,

                     Defendants.

----------------------------------------------X

Civil Action No.

Filing Date:

**07 CV 6966**

**COMPLAINT**

Jury Trial Demanded

JUDGE CONNER

AUG 0 3 2007

U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff Town of Greenburgh, ("Greenburgh" o "Plaintiff"), by its attorneys, Mazur, Carp & Rubin, its complaint against defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

     1.   The court has subject matter of this action pursuant to 28 U.S.C. § 1332(a) as Town of Greenburgh is a citizen of New York and defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a citizen of Massachusetts, and defendant Spectraserv, Inc. ("Spectraserv") is a citizen of New Jersey and the sum in controversy, exclusive of interest and costs, exceeds $75,000.

     2.    Venue is proper pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to the claims occurred in the district.

3.    The Court has personal jurisdiction over Spectraserv and Liberty Mutual pursuant to CPLR § 302(a)(1).

**THE PARTIES**

4.    Town of Greenburgh is a municipal corporation located in Westchester County, New York.  The Town of Greenburgh, Department of Public Works' business address is P.O. Box 205, Elmsford, New York 10523.

5.    Upon information and belief, Spectraserv is a corporation organized and existing under the laws of the State of New Jersey, having an office at 75 Jacobus Avenue, South Kerney, New Jersey 07032-4512.

6.    Upon information and belief, Liberty Mutual is a Massachusetts corporation whose business address is 175 Berkeley Street, Boston, Massachusetts 02116.

7.    Upon information and belief, Liberty Mutual is duly authorized to do business as a surety in the State of New York.

**FACTUAL BACKGROUND**

8.    Upon information and belief, on or about June 22, 2000, Plaintiff entered into a contract with Spectraserv, designated by Plaintiff as Town of Greenburgh/Village of Irvington Catskill Aqueduct Pump Station – Contract #1 – General Construction (the "Contract"), under which Spectraserv agreed to construct a 10 million gallon per day water pumping station with

- 2 -

a 500,000 gallon rectangular concrete tank (the "Project" or "Contact Tank").  The Contract, including all subsequent changes and modifications, is incorporated herein by reference as if set forth in its entirety, and Plaintiff requests leave to refer to same at the trial of this action.

9.    Upon information and belief, Liberty Mutual duly executed and delivered an AIA Document A3111 Performance Bond ("Performance Bond") dated June 7, 2000, providing that whenever Spectraserv defaults under the Contract, Liberty Mutual, as surety, may (1) promptly remedy the default; or shall (2) promptly complete the contract in accordance with its terms and conditions; or (3) obtain a bid or bids to complete the contract. The Performance Bond is incorporated herein by reference as if set forth in its entirety, and Plaintiff requests leave to refer, when necessary, to its exact terms at the trial of this action.

10.    On or about March 10, 25, and 26, 2004, McLaren Engineering Group ("McLaren"), on behalf of Plaintiff, conducted field investigations of the Contact Tank constructed by Spectraserv (collectively the "Field Investigations").

11.    The Field Investigations concluded that Spectraserv failed to construct the Contact Tank in accordance with the contract drawings and specifications.

12.    In particular, McLaren stated that Spectraserv failed to satisfy the (1) ACI Building Code Requirements for

- 3 -

Structural Concrete (ACI 318-99), Section 7.5.2.1 and the
contract requirements by improperly placing critical reinforcing
steel; and (2) the contract requirements by using a poor quality
of concrete.

13.    In addition, McLaren determined there are quality
control issues with the contact tank structure, specifically
that (1) the waterstops do not function properly because
portions at both the east and west sides of the tank were not
installed correctly; and (2) the forms were not properly cleaned
before placing the concrete, i.e., clods of soil are embedded in
the concrete slab against the outside face of the waterstop at
the west side slab investigation area, preventing the waterstop
from functioning properly.

14.    Based on the Field Investigations, in or about
April 2004, Plaintiff requested Spectraserv to provide a repair
plan to rectify the various failures identified by McLaren.

15.    Spectrserv failed to provide a repair plan and in
or about April 28, 2004, Plaintiff provided written notification
to Spectraserv and Liberty Mutual that Spectraserv materially
breached the Contract and is in default per Section 116 of the
Contract.

16.    To date, Spectraserv has failed to correct any of
the deficiencies of the Contact Tank.

17.    To date, Greenburgh does not have the beneficial
use of the Contact Tank.

- 4 -

## FIRST CAUSE OF ACTION AGAINST SPECTRASERV
## FOR BREACH OF CONTRACT

18.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

19.    The Plaintiff entered into the Contract with Spectraserve for the construction of a Contact Tank to be built in accordance with the contract drawings and specifications.

20.    Moreover, Section 122(h)of the Contract provides, in relevant part:

> If the materials or the finished product in which the materials are used or the work performed are not in conformity with the Contract Drawings and Specifications and have resulted in inferior or unsatisfactory product, the work and materials shall be removed and replaced or otherwise corrected by and at the expense of the Contractor.

21.    Spectraserv materially breached its contractual obligations to Plaintiff by failing to construct a Contact Tank in accordance with the contract drawings, and failing to remove, replace, or otherwise correct the non-conforming Contact Tank, all as more fully and particularly set forth above.

22.    Plaintiff timely notified Spectraserv of said breach in accordance with applicable law.

23.    By reason of the foregoing, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial but in no event less than the $500,000 for

- 5 -

estimated cost of repairs, together with interest, costs and disbursements.

## SECOND CAUSE OF ACTION AGAINST SPECTRASERV FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES

24.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

25.    Spectraserve made express warranties to Plaintiff that all work performed would be in conformity with the contract drawings and specifications and that Spectraserv would remove, replace, or otherwise correct any work non-conforming to the contract drawings and specifications, as more fully and particularly set forth above.

26.    Under applicable law, Spectraserv impliedly warranted to Plaintiff that the Control Tank would be constructed in a skillful, careful and workmanlike manner, consistent with proper design, engineering and construction standards, free of material, latent, design and structural defects.

27.    Spectraserv breached said express and implied warranties as the capacity of the Contact Tank to contain the water pressure has been severely reduced, as more fully hereinabove set forth.

28.    Plaintiff notified Spectraserv in accordance with applicable law of said breaches of warranties.

- 6 -

29.    Spectraserv has failed to remove, replace, or otherwise correct the non-conforming Contact Tank, all as more fully and particularly set forth above.

30.    By reason of the foregoing, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial but in no event less than the $500,000 estimated cost of repairs, together with interest, costs and disbursements.

## THIRD CAUSE OF ACTION AGAINST LIBERTY MUTUAL PURSUANT TO THE PERFORMANCE BOND

31.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

32.    Upon information and belief, Liberty Mutual duly executed and delivered an AIA Document A3111 Performance Bond ("Performance Bond") in connection with the Project in the total sum of $2,789,225, dated June 7, 2000.

33.    Under the terms of the Performance Bond, whenever Spectraserv defaults under the Contract, Liberty Mutual, as surety, may (1) promptly remedy the default; or *shall* (2) promptly complete the contract in accordance with its terms and conditions; or (3) obtain a bid or bids to complete the contract.

34.    Although Liberty Mutual has been duly noticed of the defects and of its principal's default under the terms of

- 7 -

the Contract, it has neither remedied the defaults, nor
completed the contract in accordance with its terms and
conditions.

35.    By reason of the foregoing, Plaintiff has
suffered and will continue to suffer damages in an amount to be
determined at trial but in no event less than the $500,000
estimated cost of repairs, together with interest, costs and
disbursements.

WHEREFORE, Plaintiff demands judgment against
defendants Spectraserv and Liberty Mutual in the amount of not
less than $500,000 or such sum as may be proven at trial, and
interest as provided for by law; and awarding such other and
further relief as the Court may deem just and proper, together
with the costs and disbursements of this action.


Dated:    New York, New York
          July 30, 2007


                              MAZUR, CARP & RUBIN, P.C.

                              By: _____
                                  IRA M. SCHULMAN (IS-8452)
                              Attorneys for Town of Greenburgh
                              1250 Broadway
                              New York, New York 10001
                              Tel. (212) 686-7700


                              - 8 -