UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOWN OF GREENBURGH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SPECTRASERV, INC., and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　Defendants. | Civil Action No. 07-CV-6966 (WCC)<br><br>**ANSWER AND COUNTERCLAIM** |

Defendants Spectraserv, Inc. ("Spectraserv") and Liberty Mutual Insurance Company ("Liberty"), by their attorneys, Wolff & Samson PC, in response to Plaintiff's Complaint, allege, upon information and belief, as follows:

### JURISDICTION AND VENUE

1.　Admit the allegations contained in paragraphs 1, 2 and 3 of the complaint.

### THE PARTIES

2.　Admit the allegations contained in paragraphs 4, 5, 6 and 7 of the complaint.

### FACTUAL BACKGROUND

3.　Deny the allegations contained in paragraph 8 of the complaint, except admit that the plaintiff and Spectraserv entered into a contract on or about June 22, 2000. The defendants beg leave to refer to the original contract for all of the terms, conditions and limitations set forth therein.

4.　Deny the allegations contained in paragraph 9 of the complaint, except admit that Liberty, as surety for Spectraserv, issued a performance bond in which Spectraserv is the principal, and The Town of Greenburgh ("Greenburgh") is the obligee. The defendants beg

1093187.1

leave to refer to the original bond at the trial of this action for all of the terms, conditions and limitations set forth therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10, 11, 12, 13 and 17 of the complaint, except the defendants deny those allegations insofar as they allege that the defendants are liable to the plaintiff herein.

6. Deny the allegations contained in paragraph 14 of the complaint, and affirmatively state that Spectraserv received a letter dated May 3, 2004 from plaintiff's representative. The defendants beg leave to refer to the original letter at the trial of this action.

7. Deny the allegations contained in paragraphs 15 and 16 of the complaint, and allege that the deficiencies alleged in the Complaint were caused by others, and that Spectraserv has not corrected any of the alleged deficiencies.

### ANSWERING THE FIRST CAUSE OF ACTION AGAINST SPECTRASERV FOR BREACH OF CONTRACT

8. For their answer to paragraph 18 of the complaint, defendants repeat and reallege their answers to paragraphs 1 through 17 with the same force and effect as though set forth herein at length.

9. Deny the allegations contained in paragraphs 19 and 20 of the complaint, except admit that the plaintiff and Spectraserv entered into a contract on or about June 22, 2000. The defendants beg leave to refer to the original contract for all of the terms, conditions and limitations set forth therein.

10. Deny the allegations contained in paragraphs 21, 22 and 23 of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION AGAINST
### SPECTRASERV FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES

11. For their answer to paragraph 24 of the complaint, defendants repeat and reallege their answers to paragraphs 1 through 23 with the same force and effect as though set forth herein at length.

12. Deny the allegations contained in paragraphs 25 and 26 of the complaint, except admit that the plaintiff and Spectraserv entered into a contract on or about June 22, 2000. The defendants beg leave to refer to the original contract for all of the terms, conditions and limitations set forth therein.

13. Deny the allegations contained in paragraphs 27, 28 and 30 of the complaint.

14. Deny the allegations contained in paragraph 29 of the complaint, and allege that the deficiencies alleged in the Complaint were caused by others, and that Spectraserv has not corrected any of the alleged deficiencies.

### ANSWERING THE THIRD CAUSE OF ACTION AGAINST
### LIBERTY MUTUAL PURSUANT TO THE PERFORMANCE BOND

15. For their answer to paragraph 31 of the complaint, defendants repeat and reallege their answers to paragraphs 1 through 30 with the same force and effect as though set forth herein at length.

16. Deny the allegations contained in paragraphs 32 and 33 of the complaint, except admit that Liberty, as surety for Spectraserv, issued a performance bond in which Spectraserv is the principal, and Greenburgh is the obligee. The defendants beg leave to refer to the original bond at the trial of this action for all of the terms, conditions and limitations set forth therein.

17. Deny the allegations contained in paragraph 34 of the complaint, except admit that Liberty has not performed any corrective or completion work.

18. Deny the allegations contained in paragraph 35 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

19. The complaint fails to state a claim against the defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. The damages alleged by the plaintiff, if any, were caused by the actions, omissions, breach of contract and/or negligence of Greenburgh and third parties over whom the defendants have no control, and for whose actions, omissions, breaches and/or negligence the defendants are not liable.

### THIRD AFFIRMATIVE DEFENSE

21. None of the damages alleged in the Complaint resulted from the defendants' failure to conform or comply with the applicable regulations and contract provisions pertinent to the matters alleged.

### FOURTH AFFIRMATIVE DEFENSE

22. If the Contact Tank constructed by Spectraserv is not suitable for the purpose for which it was designed, then the deficiency, if any, is solely the result of defective design and/or the acts, omissions or culpable conduct of plaintiff or its representatives, for which the defendants have no liability.

### FIFTH AFFIRMATIVE DEFENSE

23. Liberty, as surety for Spectraserv, adopts any and all defenses which Spectraserv has or may acquire to the allegations in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

24. Plaintiff materially breached its contract with Spectraserv by, among other things, wrongfully withholding payments that are due and owing to Spectraserv. Accordingly, Spectraserv has no further obligation under the contract alleged in the complaint, and Liberty, as surety for Spectraserv, has no obligation to plaintiff under its performance bond.

### SEVENTH AFFIRMATIVE DEFENSE

25. Upon information and belief, plaintiff is indebted to Spectraserv in an amount that exceeds the damages, if any, sustained by plaintiff as a result of the matters and things alleged in the complaint.

### EIGHTH AFFIRMATIVE DEFENSE

26. Defendants are not liable for any damages which plaintiff could have reasonably avoided or otherwise mitigated but which plaintiff failed to avoid or mitigate.

### NINTH AFFIRMATIVE DEFENSE

27. Upon information and belief, plaintiff's action against one or both of the defendants is barred by the statute of limitations or by the limitations period set forth in the performance bond.

### DEFENDANTS' COUNTERCLAIM

28. Jurisdiction over this counterclaim is based upon diversity of citizenship pursuant to 28 U.S.C.A. § 1332(a), and upon supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

29. On or about June 22, 2000, plaintiff Town of Greenburgh ("Greenburgh") entered into a contract with Spectraserv, Inc. ("Spectraserv") designated as "Town of Greenburgh/Village of Irvington Catskill Aqueduct Pump Station", for the construction of a 10 million gallon per day water pumping station with a 500,000 gallon rectangular concrete tank ("the Project"). The contract documents, including all addenda, supplements, amendments and modifications, are collectively referred to as the "Contact".

30. Pursuant to the terms of the Contract, Spectraserv was required to furnish a performance bond in the full amount of the Contract, $2,789,225. At or about the time that the Contract was executed, defendant Liberty Mutual Insurance Company ("Liberty"), as surety,

executed a performance bond in which Greenburgh was the Obligee, and in which Spectraserv was the Principal.

31. Following execution of the Contract, Spectraserv performed all of the work and furnished all of the materials required by the Contract, in accordance with all of the requirements set forth in the plans, specifications and all other contract documents. Moreover, all of the work performed and materials furnished by Spectraserv were inspected, tested and approved by Greenburgh or its representatives.

32. Pursuant to the Contract, Spectraserv was paid for the work that it completed, less monies withheld by Greenburgh as retainage, which monies are now justly due and owing to Spectraserv.

33. Notwithstanding Spectraserv's adherence to the Contract requirements, and the fact that Greenburgh had accepted and paid for Spectraserv's work (less monies improperly retained and/or withheld by Greenburgh), on or about June 22, 2004, Greenburgh advised Spectraserv and Liberty by letter that its engineer had concluded that Spectraserv failed to construct the contact tank in accordance with the contract drawings, that this severely reduced the capacity of the tank "to contain water pressure" (sic), and that Greenburgh had requested but not received from Spectraserv a "repair plan". In addition, the June 22, 2004 letter alleges "that the Contract has been materially breached and that Spectraserv is in default", and Greenburgh calls upon Liberty to "promptly remedy the default as required under the bond."

34. The statements in Greenburgh's June 22, 2004 letter regarding Spectraserv's performance, including the alleged conclusions of Greenburgh's engineer, are inaccurate and untrue, and were made in bad faith.

35. Upon information and belief, the inaccurate statements made by Greenburgh in the June 22, 2004 letter were knowingly false, and were made by Greenburgh in an attempt *inter alia* (a) to avoid its Contract obligation to pay Spectraserv in full, and (b) to shift liability for

design defects from Greenburgh's engineers to Spectraserv, although Spectraserv had no design obligations under the Contract relevant to the allegations in the Complaint.

36. By reason of the foregoing, the purported declaration of default was wrongful and improper, and there was no basis for the termination of the Contract, nor for Greenburgh's demand upon Liberty to remedy the alleged default.

37. Spectraserv has completed all of the work required by the Contract, and is entitled to full and final payment of all amounts due under the Contract, including retainage and/or all other monies that have been withheld by Greenburgh, which monies remain unpaid although duly demanded by Spectraserv.

38. The total amount of contract funds, including retainage, that is due and owing to Spectraserv is $173,100.51, plus interest.

39. As a result of Greenburgh's wrongful and improper declaration of default of Spectraserv, and its improper demand upon Spectraserv's surety, Liberty, the defendants have been forced to incur expenses in connection with *inter alia* the investigation and analysis of Greenburgh's improper and baseless claim, including the fees of engineering consultants, as well as attorneys' fees incurred, and which continue to be incurred, in connection with the defense of this matter.

WHEREFORE, defendants Spectraserv and Liberty demand judgment as follows:

(a) Dismissing Greenburgh's Complaint in its entirety, together with costs, disbursements, the fees of engineering consultants, attorneys' fees and such other and further relief as the Court may deem just and proper; and

(b)     In favor of Spectraserv on the Counterclaim, in the amount of $173,100.51, together with interest, costs, disbursements, the fees of engineering consultants, attorneys' fees and such other and further relief as the Court may deem just and proper.

**WOLFF & SAMSON, PC**
Attorneys for Defendants Spectraserv, Inc. and
Liberty Mutual Insurance Company

By _____
DARRYL WEISSMAN  (DW-7369)
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey  07052
973-325-1500

Dated: October 5, 2007

TO:    Mazur, Carp & Rubin, P.C.
       Attorneys for Plaintiff
       1250 Broadway, 38th Floor
       New York, NY 10001
       Ph: 212-686-7700

8

1093187.1

## CERTIFICATION OF SERVICE

Darryl Weissman, a resident of the United States, certifies as follows:

On October 5, 2007, I caused a copy of the within Answer, Counterclaim and Rule 7.1 Corporate Disclosure Statement to be served via electronic filing with the Clerk of the Court using the Court's CM/ECF System upon:

> Mazur, Carp & Rubin, P.C.
> Attorneys for Plaintiff
> 1250 Broadway, 38th Floor
> New York, NY 10001
> Ph: 212-686-7700

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2007.

_____
DARRYL WEISSMAN