UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   07 Civ. 6966
TOWN OF GREENBURGH,

                              Plaintiff,

      against,

SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                              Defendants.
-------------------------------------------------------------------------X
SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                              Third-Party Plaintiffs,

      against,

M.G. McLAREN, P.C., and DOLPH ROTFELD
ENGINEERING, P.C.,

                              Third-Party Defendants.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. CIV. P. 12(B)(6)

### PRELIMINARY STATEMENT

      This Memorandum of Law is submitted in support of the instant motion pursuant to Fed. Civ. P. 12(b)(6) to dismiss third-party plaintiff's negligence and tortious interference claims as such claims had been made after the running of CPLR §§214(4),(6), the applicable statutes of limitations, and plaintiff's tortious interference claim should be dismissed as a matter of law as an agent cannot be held liable for inducing its principal to breach a contract with a third party.

## **MATERIAL FACTS**

Plaintiff, the Town of Greenburgh (hereafter, "the TOWN"), commenced this matter by filing a Summons and Complaint on or about August 3, 2007. (The Complaint is attached to the motion as Exhibit A.)  In its Complaint, the TOWN alleged that it entered into a contract with defendant Spectraserv, Inc. on June 22, 2000. (Exhibit A, ¶8)  Pursuant to the contract, SPECTRASERV was obligated to construct a 10 million gallon per day water pumping station with a 500,000 gallon rectangular concrete tank known as a contact tank. (Exhibit A, ¶8)  On or about March, 2004, third party defendant M.G. MCLAREN, P.C. (hereafter, "MCLAREN") conducted field investigations of the contact tank constructed by SPECTRASERV and concluded that SPECTRASERV failed to construct the contact tank in accordance with the contract drawings and specifications. (Exhibit A, ¶10, 11).  Furthermore, the TOWN claims that "the waterstops" do not work properly and that it cannot use the tank as a result of the defect. (Exhibit A, ¶13)

SPECTRASERV served an Answer and Counterclaim (Attached as Exhibit C) in which it alleged that:

> "Notwithstanding Spectraserv's adherence to the Contract requirements, and the fact that Greenburgh had accepted and paid for Spectraserv's work (less monies improperly retained and/or withheld by Greenburgh), on or about June 22, 2004, Greenburgh advised Spectraserv and Liberty by letter that its engineer had concluded that Spectraserv failed to construct the contact tank in accordance with the contract drawings, that this severely reduced the capacity of the tank "to contain water pressure" (sic), and that Greenburgh had requested but not received from Spectraserv a "repair plan." (Exhibit C, ¶33)

Furthermore, SPECTRASERV alleges that "the statements in Greenburgh's June 22, 2004 letter regarding Sepctraserv's performance, including the alleged conclusions of Greenburgh's engineer, are inaccurate and untrue, and were made in bad faith." (Exhibit C, ¶34)

SPECTRASERV, INC. and LIBERTY MUTUAL INSURANCE COMPANY ("SPECTRASERV") filed a Third-party Summons and Complaint on DOLPH ROTFELD on or about April 11, 2008. (A copy of the Third-Party Complaint is attached as Exhibit B) SPECTRASERV alleges that DOLPH ROTFELD entered into a contract with the Town. (Exhibit B, ¶9) SPECTRASERV also alleged that DOLPH ROTFELD anticipated that SPECTRASERV would rely upon the construction documents provided by DOLPH ROTFELD; that SPECTRASERV relied on the construction documents; and that DOLPH ROTFELD owed SPECTRASERV a duty. (Exhibit B, ¶¶ 19-21)  Furthermore, SPECTRASERV alleges that the plans and construction documents drafted by DOLPH ROTFELD were negligently prepared and defective. (Exhibit B, ¶22)

In addition, SPECTRASERV alleges that DOLPH ROTFELD was aware of the contract between SPECTRASERV and the TOWN (Exhibit B, ¶31) and that DOLPH ROTFELD wrongfully and unreasonably withheld its approval of payment requisitions made by SPECTRASERV. (Exhibit B, ¶33).

**ARGUMENT**

**PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE
STATUTE OF LIMITATIONS**

A.      **Plaintiff's negligence claim is barred by CPLR §214(6).**

Third-Party Plaintiff's Complaint (Exhibit B, ¶¶ 19-21) is barred by CPLR §214(6), which states that an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort, must be commenced within three years. Furthermore, the New York State Court of Appeals has held that "[i]n cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance." City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535 (1995), citing Sosnow v Paul, 36 N.Y.2d. 780 (1975), State of New York v Lundin, 60 N.Y.2d. 987 (1983), Cabrini Med. Ctr. v Desina, 64 NY2d 1059 (1985). The court also held that "[w]e made clear in Sears, Roebuck & Co. v Enco Assocs, 43 NY2d 389 that no matter how a claim is characterized in the complaint - negligence, malpractice, breach of contract - an owner's claim arising out of defective construction accrues on date of completion, since all liability has its genesis in the contractual relationship of the parties." Id. at 538.

In this case, The TOWN alleged that it entered into a contract with defendant Spectraserv, Inc. on June 22, 2000. (Exhibit A, ¶8) Pursuant to the contract, SPECTRASERV was obligated to construct a 10 million gallon per day water pumping station with a 500,000 gallon rectangular concrete tank known as a contact tank. (Complaint, ¶8). In addition, on or about March, 2004, third party defendant M.G. MCLAREN, P.C. conduced field investigations of the contact tank constructed by SPECTRASERV and concluded that SPECTRASERV failed

to construct the contact tank in accordance with the contract drawings and specifications. (Complaint, ¶10, 11). Consequently, there is no issue of fact that the tank must have been designed before March, 2004. Furthermore, as ROTFELD performed its design services before March, 2004, then the accrual date of the statute of limitations was, at the latest, in March, 2004, and the statute of limitations ran as of March, 2007. However, as this matter was commenced by service of a third-party complaint as of April, 2008, this matter must be dismissed as a matter of law pursuant to CPLR §214(6).

### B.   Plaintiff's tortious interference claim is barred by CPLR §214(4)

In addition, pursuant to CPLR §214(4), claims for tortious interference with contract and prospective contractual relations are subject to a three-year statute of limitations. See Legion of Christ, Inc. v. Rita Cohen Realty Services, Ltd., 1 A.D.3d 572, 572, 767 N.Y.S.2d 632, 632 (2nd Dept., 2003); Vanderminden v. Vanderminden, 226 A.D.2d 1037, 1043, 641 N.Y.S.2d 732, 738 (3rd Dept., 1996).

In this case, the third-party complaint fails to allege the date on which the alleged interference occurred. (Exhibit B, ¶¶29-35) However, SPECTRASERV alleges in its Answer and Counterclaim that:

> "Notwithstanding Spectraserv's adherence to the Contract requirements, and the fact that Greenburgh had accepted and paid for Spectraserv's work (less monies improperly retained and/or withheld by Greenburgh), on or about June 22, 2004, Greenburgh advised Spectraserv and Liberty by letter that its engineer had concluded that Spectraserv failed to construct the contact tank in accordance with the contract drawings, that this severely reduced the capacity of the tank "to contain water pressure" (sic), and that Greenburgh had requested but not received from Spectraserv a "repair plan." (Exhibit C, ¶33)

Furthermore, SPECTRASERV alleges that "the statements in Greenburgh's June 22, 2004 letter regarding Sepctraserv's performance, including the alleged conclusions of Greenburgh's engineer, are inaccurate and untrue, and were made in bad faith." (Exhibit, ¶34)  Based on these allegations, the alleged tortious interference occurred before June 22, 2004.  Consequently, the statute of limitations for the tortious interference with contractual relations claim ran on June 22, 2007, before the filing of the third-party complaint on April 8, 2008. (See Exhibit B.)  Therefore, this court must dismiss SPECTRASERV's tortious interference claim as a matter of law.

### PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM MUST BE DISMISSED AS A MATTER OF LAW.

The courts have consistently held that an agent cannot be held liable for inducing its principal to breach a contract with a third person if the agent is acting on behalf of his principal and within the scope of his authority. Cunningham v. Lewenson, 294 A.D.2d 327 (2nd Dept, 2002), app. dism., Cunningham v. Lewenson, 99 N.Y.2d 531 (2002); Kartiganer Associates, P.C. v. New Windsor, 108 A.D.2d 898 (2nd Dept, 1985), app. dism., 65 N.Y.2d 925 (1985).  In this case, there is no issue of fact that ROTFELD was an agent of the TOWN. (See Exhibit B, ¶9).  Furthermore, there is no issue of fact that the TOWN entered into a contract with SPECTRASERV whereby SPECTRASERV agreed to install a 10 million gallon per day water pumping station with a 500,000 gallon rectangular concrete tank known as a contact tank. (Exhibit A, ¶8)  Consequently, the court should dismiss the tortious interference with contractual relations claim as third-party plaintiffs cannot prove such a claim as a matter of law.

**WHEREFORE**, DOLPH ROTFELD ENGINEERING, P.C. respectfully requests that the Court issue an Order dismissing Third-Party Plaintiffs SPECTRASERV, INC. and LIBERTY

MUTUAL INSURANCE COMPANY Third Party Complaint against DOLPH ROTFELD ENGINEERING, P.C.; or issuing any other relief the court deems just and proper.

Dated:   New York, New York
         July 8, 2008

                                      Yours, etc.,
                                      **GOGICK, BYRNE & O'NEILL, LLP**
                                      Attorneys for Defendant:
                                      DOLPH ROTFELD ENGINEERING, P.C.

                                      By: Kevin J. O'Neill (5113)
                                      11 Broadway, Suite 1560
                                      New York, New York 10004
                                      Tel. No.:  (212) 422-9424

To:

Ira M. Schulman, Esq. (IS-8452)                 Martin Schwartzberg, Esq.
Mazur, Carp & Rubin, P.C.                       L'Abbate, Balkan, Colavita & Contini
1250 Broadway, 38th Floor                       1001 Franklin Avenue
New York, NY 10001                             Garden City, NY  11530
Phone (212) 686-7700

Attorneys for Town of Greenburgh            Attorneys for M.G. MCLAREN, P.C.

Darryl Weissman, Esq. (DW-7369)
Wolf & Samson, PC
One Boland Drive
West Orange, New Jersey 07052
Phone (973) 325-1500

Attorneys for Spectraserv, Inc. and
Liberty Mutual Insurance Company