UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

TOWN OF GREENBURGH,

Plaintiff,

-against-

SPECTRASERV, INC. and LIBERTY MUTUAL INSURANCE COMPANY,

Defendants.

---------------------------------------------------------------------X

SPECTRASERV, INC. and LIBERTY MUTUAL INSURANCE COMPANY,

Third-Party Plaintiffs,

-against-

M.G. McLAREN, P.C. and DOLPH ROTFELD ENGINEERING, P.C.,

Third-Party Defendants.

---------------------------------------------------------------------X

**ECF CASE**
07 Civ. 6966 (WCC)

**McLAREN'S**
**RULE 56.1 STATEMENT**

Third-party defendant M.G. McLaren, P.C. ("McLaren"), by its attorneys L'Abbate, Balkan, Colavita & Contini, L.L.P., pursuant to Rule 56.1 of the Local Civil Rules for this Court, sets forth the following Statement of Undisputed Material Facts in support of its motion for dismissal and/or summary judgment in this matter:

1. The project in question consisted of the construction of a 10-million-gallon-per-day pumping station with a 500,000-gallon rectangular concrete tank called a "contact tank" (McLaren Dec., ¶3).

2. McLaren was retained by Dolph Rotfeld Engineering, P.C. ("Rotfeld") pursuant to a written contract dated June 2, 1999 to provide professional engineering services (Declaration of Malcolm G. McLaren, P.E. ("McLaren Dec."), ¶2).

3. Pursuant to the Rotfeld/McLaren agreement, McLaren agreed to provide the following services: preparation of a subsurface exploration plan and interpretation of borings for relevant soil characteristics; design of a mat foundation, based upon results of subsurface investigation; and preparation of structural drawings indicating all structural steel and concrete work required for project (McLaren Dec., ¶2).

4. Pursuant to the Rotfeld/McLaren agreement, McLaren also agreed to provide contract administration services in the form of review of the contractor's detailed shop and erection drawings for approval (McLaren Dec., ¶4).

5. McLaren was not obligated to, nor did it, provide site visits during the construction (McLaren Dec., ¶4).

6. McLaren was not obligated to, nor did it, review Spectraserv, Inc.'s ("Spectraserv") applications for payment (McLaren Dec., ¶4).

7. McLaren prepared signed and sealed drawings which were issued on March 27, 2000 (McLaren Dec., ¶5).

8. The last transmittal for contract administration shop drawing review was dated November 13, 2000 (McLaren Dec., ¶5).

9. After construction was completed, McLaren was requested by Rotfeld to provide additional professional services (McLaren Dec., ¶6).

10. McLaren's additional services, in the form of field visits, was completed by March 26, 2004 (McLaren Dec., ¶10).

11. Spectraserv and Liberty Mutual Insurance Company ("Liberty") commenced their third-party action against McLaren and Rotfeld on April 11, 2008 (Third-Party Complaint).

DATED: Garden City, New York
July 11, 2008

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.
Attorneys for Third-Party Defendant
M.G. McLaren, P.C.

By: ____________________
MARTIN A. SCHWARTZBERG
Office & P.O. Address
1001 Franklin Avenue, 3rd Floor
Garden City, NY 11530
(516) 294-8844

\\lbcc-cp\cpshare\CPWin\History\080703_0001\1072D.17