```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TOWN OF GREENBURGH,                     Civil Action No.

              Plaintiff,                Filing Date:

      - against -                       07 CV 6966
                                        COMPLAINT
SPECTRASERV, INC., AND LIBERTY MUTUAL
INSURANCE COMPANY,                      JUDGE CONNER
                                        Jury Trial
              Defendants.               Demanded
-----------------------------------X
```

Plaintiff Town of Greenburgh, ("Greenburgh" "Plaintiff"), by its attorneys, Mazur, Carp & Rubin, P.C., its complaint against defendants herein, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. The court has subject matter of this action pursuant to 28 U.S.C. § 1332(a) as Town of Greenburgh is a citizen of New York and defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a citizen of Massachusetts, and defendant Spectraserv, Inc. ("Spectraserv") is a citizen of New Jersey and the sum in controversy, exclusive of interest and costs, exceeds $75,000.

2. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to the claims occurred in the district.

3. The Court has personal jurisdiction over Spectraserv and Liberty Mutual pursuant to CPLR § 302(a)(1).

## THE PARTIES

4. Town of Greenburgh is a municipal corporation located in Westchester County, New York. The Town of Greenburgh, Department of Public Works' business address is P.O. Box 205, Elmsford, New York 10523.

5. Upon information and belief, Spectraserv is a corporation organized and existing under the laws of the State of New Jersey, having an office at 75 Jacobus Avenue, South Kerney, New Jersey 07032-4512.

6. Upon information and belief, Liberty Mutual is a Massachusetts corporation whose business address is 175 Berkeley Street, Boston, Massachusetts 02116.

7. Upon information and belief, Liberty Mutual is duly authorized to do business as a surety in the State of New York.

## FACTUAL BACKGROUND

8. Upon information and belief, on or about June 22, 2000, Plaintiff entered into a contract with Spectraserv, designated by Plaintiff as Town of Greenburgh/Village of Irvington Catskill Aqueduct Pump Station - Contract #1 - General Construction (the "Contract"), under which Spectraserv agreed to construct a 10 million gallon per day water pumping station with

a 500,000 gallon rectangular concrete tank (the "Project" or "Contact Tank"). The Contract, including all subsequent changes and modifications, is incorporated herein by reference as if set forth in its entirety, and Plaintiff requests leave to refer to same at the trial of this action.

9.  Upon information and belief, Liberty Mutual duly executed and delivered an AIA Document A311 Performance Bond ("Performance Bond") dated June 7, 2000, providing that whenever Spectraserv defaults under the Contract, Liberty Mutual, as surety, may (1) promptly remedy the default; or shall (2) promptly complete the contract in accordance with its terms and conditions; or (3) obtain a bid or bids to complete the contract. The Performance Bond is incorporated herein by reference as if set forth in its entirety, and Plaintiff requests leave to refer, when necessary, to its exact terms at the trial of this action.

10. On or about March 10, 25, and 26, 2004, McLaren Engineering Group ("McLaren"), on behalf of Plaintiff, conducted field investigations of the Contact Tank constructed by Spectraserv (collectively the "Field Investigations").

11. The Field Investigations concluded that Spectraserv failed to construct the Contact Tank in accordance with the contract drawings and specifications.

12. In particular, McLaren stated that Spectraserv failed to satisfy the (1) ACI Building Code Requirements for

- 3 -

Structural Concrete (ACI 318-99), Section 7.5.2.1 and the contract requirements by improperly placing critical reinforcing steel; and (2) the contract requirements by using a poor quality of concrete.

13. In addition, McLaren determined there are quality control issues with the contact tank structure, specifically that (1) the waterstops do not function properly because portions at both the east and west sides of the tank were not installed correctly; and (2) the forms were not properly cleaned before placing the concrete, i.e., clods of soil are embedded in the concrete slab against the outside face of the waterstop at the west side slab investigation area, preventing the waterstop from functioning properly.

14. Based on the Field Investigations, in or about April 2004, Plaintiff requested Spectraserv to provide a repair plan to rectify the various failures identified by McLaren.

15. Spectrserv failed to provide a repair plan and in or about April 28, 2004, Plaintiff provided written notification to Spectraserv and Liberty Mutual that Spectraserv materially breached the Contract and is in default per Section 116 of the Contract.

16. To date, Spectraserv has failed to correct any of the deficiencies of the Contact Tank.

17. To date, Greenburgh does not have the beneficial use of the Contact Tank.

- 4 -

## FIRST CAUSE OF ACTION AGAINST SPECTRASERV
## FOR BREACH OF CONTRACT

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

19. The Plaintiff entered into the Contract with Spectraserve for the construction of a Contact Tank to be built in accordance with the contract drawings and specifications.

20. Moreover, Section 122(h) of the Contract provides, in relevant part:

> If the materials or the finished product in which the materials are used or the work performed are not in conformity with the Contract Drawings and Specifications and have resulted in inferior or unsatisfactory product, the work and materials shall be removed and replaced or otherwise corrected by and at the expense of the Contractor.

21. Spectraserv materially breached its contractual obligations to Plaintiff by failing to construct a Contact Tank in accordance with the contract drawings, and failing to remove, replace, or otherwise correct the non-conforming Contact Tank, all as more fully and particularly set forth above.

22. Plaintiff timely notified Spectraserv of said breach in accordance with applicable law.

23. By reason of the foregoing, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial but in no event less than the $500,000 for

estimated cost of repairs, together with interest, costs and disbursements.

### SECOND CAUSE OF ACTION AGAINST SPECTRASERV FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES

24.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

25.  Spectraserve made express warranties to Plaintiff that all work performed would be in conformity with the contract drawings and specifications and that Spectraserv would remove, replace, or otherwise correct any work non-conforming to the contract drawings and specifications, as more fully and particularly set forth above.

26.  Under applicable law, Spectraserv impliedly warranted to Plaintiff that the Control Tank would be constructed in a skillful, careful and workmanlike manner, consistent with proper design, engineering and construction standards, free of material, latent, design and structural defects.

27.  Spectraserv breached said express and implied warranties as the capacity of the Contact Tank to contain the water pressure has been severely reduced, as more fully hereinabove set forth.

28.  Plaintiff notified Spectraserv in accordance with applicable law of said breaches of warranties.

- 6 -

29. Spectraserv has failed to remove, replace, or otherwise correct the non-conforming Contact Tank, all as more fully and particularly set forth above.

30. By reason of the foregoing, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial but in no event less than the $500,000 estimated cost of repairs, together with interest, costs and disbursements.

### THIRD CAUSE OF ACTION AGAINST LIBERTY MUTUAL PURSUANT TO THE PERFORMANCE BOND

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

32. Upon information and belief, Liberty Mutual duly executed and delivered an AIA Document A3111 Performance Bond ("Performance Bond") in connection with the Project in the total sum of $2,789,225, dated June 7, 2000.

33. Under the terms of the Performance Bond, whenever Spectraserv defaults under the Contract, Liberty Mutual, as surety, may (1) promptly remedy the default; or *shall* (2) promptly complete the contract in accordance with its terms and conditions; or (3) obtain a bid or bids to complete the contract.

34. Although Liberty Mutual has been duly noticed of the defects and of its principal's default under the terms of

the Contract, it has neither remedied the defaults, nor completed the contract in accordance with its terms and conditions.

35. By reason of the foregoing, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial but in no event less than the $500,000 estimated cost of repairs, together with interest, costs and disbursements.

WHEREFORE, Plaintiff demands judgment against defendants Spectraserv and Liberty Mutual in the amount of not less than $500,000 or such sum as may be proven at trial, and interest as provided for by law; and awarding such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated:   New York, New York
         July 30, 2007

MAZUR, CARP & RUBIN, P.C.

By: _____
    IRA M. SCHULMAN (IS-8452)
Attorneys for Town of Greenburgh
1250 Broadway
New York, New York 10001
Tel. (212) 686-7700