UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
APR 11 2008
USDC-WP-SDNY

| | |
|---|---|
| TOWN OF GREENBURGH,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRASERV, INC., and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendants.<br><br>SPECTRASERV, INC., and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>M.G. MCLAREN, P.C., and DOLPH ROTFELD ENGINEERING, PC,<br><br>Third-Party Defendants. | Civil Action No. 07-CV-6966 (WCC)<br><br>**THIRD-PARTY COMPLAINT**<br><br>Third-Party Civil Action No. |

Third-Party Plaintiffs Spectraserv, Inc. ("Spectraserv") and Liberty Mutual Insurance Company ("Liberty"), by and through their attorneys, Wolff & Samson, PC, as and for their Third-Party Complaint against Third-Party Defendants M.G. McLaren, P.C. ("McLaren") and Dolph Rotfeld Engineering, PC ("Rotfeld") allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the first-party action pursuant to 28 U.S.C. §1332.

2. This Court has jurisdiction over this third-party action pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1367.

1124456.3

3. Venue of this matter is properly established pursuant to 28 U.S.C. §1391(a)(2).

## THE PARTIES

4. Spectraserv is a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business located at 75 Jacobus Avenue, South Kearny, New Jersey 07032.

5. Liberty is a corporation organized and existing pursuant to the laws of the State of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116 and is authorized to transact business in the State of New York.

6. Upon information and belief, third-party defendant McLaren is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 100 Snake Hill Road, West Nyack, New York 10994.

7. Upon information and belief, third-party defendant Rotfeld is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 200 White Plains Road, Tarrytown, New York 10591.

## FACTUAL ALLEGATIONS

8. Plaintiff Greenburgh has filed a complaint against defendant/third-party plaintiff Spectraserv for damages resulting from Spectraserv's alleged breach of the contract between Greenburgh and Spectraserv designated as the "Town of Greenburgh/Village of Irvington Catskill Aqueduct Pump Station Contract No. 1" (the "Contract") and alleged breach of express and implied warranties relating to its performance of the Contract, and against defendant/third party plaintiff Liberty pursuant to a performance bond Liberty issued in connection with the Contract. A copy of the Complaint is attached as Exhibit "A".

9. Upon information and belief, on a date unknown to Spectraserv, the Town of Greenburgh ("Greenburgh") contracted with third-party defendants McLaren and Rotfeld to provide design, surveying and other engineering services for the project known as Town of

Greenburgh/Village of Irvington Catskill Aqueduct Pump Station (the "Project").

10. Upon information and belief, the agreement between third-party defendants McLaren and Rotfeld and Greenburgh required third-party defendants McLaren and Rotfeld to review submissions from contractors, including their bids, and to oversee and monitor the construction of the Project to ensure that the contractors adhered to their designs.

11. Upon information and belief, third-party defendants McLaren and Rotfeld prepared plans and specifications, including construction drawings describing the existing site conditions and proposed construction for the Project (the "construction and design documents") with knowledge that the construction and design documents would be utilized and relied upon by the contractors for the particular purpose of constructing the Project.

12. Upon information and belief, third-party defendants McLaren and Rotfeld aided Greenburgh in preparing a bid packet including the construction and design documents, through which bids for the construction of the Project were solicited.

13. The bid packet prepared by Greenburgh and third-party defendants McLaren and Rotfeld contemplated that the bid packet was to be received, used and relied upon by Spectraserv and other contractors who submitted bids to Greenburgh for the particular purpose of constructing the Project.

14. On or about June 22, 2000, Spectraserv entered into the Contract with Greenburgh, which included constructing a 500,000 gallon concrete tank (the "Contact Tank").

15. Spectraserv completed performance of the Contract in accordance with and in reliance upon the construction and design documents prepared and provided by third-party defendants McLaren and Rotfeld, and its services were performed in concert with third-party defendants McLaren's and Rotfeld's instructions.

16. The construction and design documents provided to Spectraserv were prepared based on flawed calculations and improper assumptions made by third-party defendants McLaren and Rotfeld, resulting in construction and design documents that were inaccurate,

defective and deficient.

17. Due to inaccuracies, defects, and deficiencies in the construction and design documents furnished by the third-party defendants McLaren and Rotfeld, the Contact Tank developed cracks and imperfections.

### AS AND FOR A FIRST CAUSE OF ACTION
#### Negligence

18. Third-Party Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 17 as if set forth at length herein.

19. The contract between Greenburgh and third-party defendants McLaren and Rotfeld anticipated that Spectraserv and other contractors would rely upon the construction and design documents provided by McLaren and Rotfeld.

20. Third-party defendants McLaren and Rotfeld were aware that the construction and design documents would be relied upon by Spectraserv and other contractors in constructing the Project.

21. Because third-party defendants McLaren and Rotfeld were aware that the construction and design documents would be relied upon by Spectraserv, McLaren and Rotfeld owed Spectraserv a duty under their contract with Greenburgh to perform in accordance with the standard of care ordinarily exercised by qualified professionals performing the same type of services under similar conditions in New York to draft and deliver accurate and non-deficient construction and design documents.

22. Third-party defendants McLaren and Rotfeld breached their duty of care to Spectraserv by negligently drafting and delivering inaccurate and defective construction and design documents.

23. Spectraserv reasonably relied upon third-party defendants McLaren's and Rotfeld's inaccurate and defective construction and design documents and upon their abilities and expertise.

24. Spectraserv performed work under the Contract with Greenburgh in accordance with the construction and design documents furnished by third-party defendants McLaren and Rotfeld.

25. Due to the inaccuracies, defects, and deficiencies in the construction and design documents, the Contact Tank developed cracks and imperfections.

26. If Spectraserv or Liberty are found liable to plaintiff Greenburgh, for any damages alleged in plaintiff's Complaint, such liability will have been brought about and caused in whole as a result of the inaccurate, defective and deficient construction and design documents provided by third-party defendants McLaren and Rotfeld.

27. Liberty, as surety for Spectraserv, may assert all of the claims in this Third-Party Complaint against third-party defendants McLaren and Rotfeld pursuant to the terms and conditions in a General Agreement of Indemnity executed by Spectraserv in connection with the bonds issued for the Project, among others.

28. By reason of the foregoing, third-party defendants McLaren and Rotfeld are liable to third-party plaintiffs Spectraserv and Liberty for the claims made against them by plaintiff Greenburgh in the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### Tortious Interference With Contractual Relations

29. Third-Party Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 28 as if set forth at length herein.

30. On or about June 22, 2000, Spectraserv entered into the Contract with Greenburgh for the construction of the Project.

31. As engineers and design professionals for Greenburgh, third-party defendants McLaren and Rotfeld had knowledge of the contractual relationship between Spectraserv and Greenburgh.

32. The Contract between Spectraserv and Greenburgh provided that payments

1124456.3

would be made by Greenburgh to Spectraserv upon the approval of third-party defendants McLaren and Rotfeld based on their evaluation of the work performed by Spectraserv.

33. Upon information and belief, third-party defendants McLaren and Rotfeld wrongfully and unreasonably withheld their approval of payment requisitions made by Spectraserv.

34. By so doing, third-party defendants McLaren and Rotfeld intentionally and tortiously interfered with Spectraserv's contract rights, namely to be compensated for its performance under the Contract with Greenburgh.

35. As a result of third-party defendants McLaren's and Rotfeld's intentional and tortious interference with the Contract between Spectraserv and Greenburgh, Spectraserv and Liberty have been damaged in the amount of $173,100.51.

WHEREFORE, third-party plaintiffs Spectraserv and Liberty respectfully demand:

a. indemnification from third-party defendants McLaren and Rotfeld for the amount of any verdict or judgment which may be obtained by plaintiff Greenburgh against third-party plaintiffs Spectraserv and Liberty;

b. judgment against third-party defendants McLaren and Rotfeld in the amount of $173,100.51, together with interest and costs; and

c. for such other and further relief as the Court may deem just and proper.

WOLFF & SAMSON, PC
Attorneys for Defendants/Third-Party Plaintiffs
Spectraserv, Inc. and Liberty Mutual Insurance Company

By _____
DARRYL WEISSMAN (DW-7369)
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
973-325-1500

Dated: April 11, 2008

1124456.3