UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TOWN OF GREENBURGH,

                                Plaintiff,

    -against-

SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                                Defendants.
-----------------------------------------------------------------------X
SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                                Third-Party Plaintiffs,

    -against-

M.G. McLAREN, P.C. and DOLPH ROTFELD
ENGINEERING, P.C.,

                                Third-Party Defendants.
-----------------------------------------------------------------------X

**ECF CASE**
07 Civ. 6966 (WCC)

**MEMORANDUM OF LAW IN SUPPORT OF
THIRD-PARTY DEFENDANT M.G. McLAREN, P.C.'S
MOTION TO DISMISS PURSUANT TO
F.R.C.P. 12(b)(6) and F.R.C.P. 56(b)**

Of Counsel:
  Martin A. Schwartzberg, Esq.

# TABLE OF CONTENTS

Preliminary Statement .................................................................................... 2

Statement of Facts ........................................................................................ 3

Procedural History ......................................................................................... 5

POINT I -- Spectraserv's/Liberty's Third-Party Complaint Alleging Malpractice and Negligence Against McLaren Is Barred By The Statute Of Limitations ........................... 7

POINT II -- Since No Privity Of Contract Existed Between Spectraserv/Liberty And McLaren, Spectraserv/Liberty Cannot Maintain Its Claim Against McLaren ...................... 8

POINT III -- McLaren Breached No Alleged Duty To Spectraserv/Liberty ................................................................. 13

POINT IV -- Spectraserv's/Liberty's Cause Of Action For Tortious Interference With Contractual Relations Should Be Dismissed ................................................................. 13

CONCLUSION ................................................................................ 14

## PRELIMINARY STATEMENT

Third-party defendant M.G. McLaren, P.C. ("McLaren"), a professional engineering firm, submits this memorandum of law in support of its motion pursuant to F.R.C.P. 12(b)(6) and F.R.C.P. 56(b) seeking dismissal of the Third-Party Complaint in its entirety. As set forth in detail below, there are multiple grounds that warrant dismissal of all claims against McLaren.

In the first instance, the Third-Party Complaint against McLaren is barred by the three-year statute of limitations. McLaren completed its design services pursuant to its contract with Dolph Rotfeld Engineering, P.C. ("Rotfeld") on November 13, 2000 when it transmitted its final shop drawing review. In addition, the last additional services provided by McLaren for the project were completed on March 26, 2004 according to McLaren's field reports. Based upon the above dates, third-party plaintiffs Spectraserv, Inc.'s ("Spectraserv") and Liberty Mutual Insurance Company's ("Liberty") third-party action, which was commenced on April 11, 2008, is untimely by more than a year.

In addition to the failure of Spectraserv and Liberty to timely commence the third-party action, the Third-Party Complaint also fails to state a cause of action upon which relief can be granted since there is no privity of contract between Spectraserv/ Liberty and McLaren. In this regard, Spectraserv entered into a construction contract with the plaintiff Town of Greenburgh ("Greenburgh") for the project, while McLaren's contract for the professional services it provided was with Rotfeld. Under New York law, design professionals are not liable to third parties absent privity or special circumstances

establishing a fiduciary-like relationship between the parties. Since it is incontrovertible that there is no contract between Spectraserv/Liberty and McLaren, and there are no special circumstances present to suggest a fiduciary-like relationship between them, Spectraserv's/Liberty's Third-Party Complaint fails to state a cause of action for which relief may be granted.

A further ground for dismissal of the third-party claims by Spectraserv and Liberty is that all professional engineering services provided by McLaren were provided in accordance with generally accepted engineering standards and practices, and therefore, Spectraserv's/Liberty's negligence cause of action must be dismissed.

Spectraserv's/Liberty's other cause of action alleged in its Third-Party Complaint, for tortious interference with contractual relations, must also be dismissed since McLaren was not responsible for reviewing Spectraserv's payment applications.

## STATEMENT OF FACTS

The project in question consisted of the construction of a 10-million-gallon-per-day pumping station, with a 5,000-gallon rectangular concrete tank called a "contact tank". McLaren was retained by Rotfeld pursuant to a written agreement to provide the following services: preparation of a subsurface exploration plan and interpretation of borings for relevant soil characteristics; design of a mat foundation, based upon results of subsurface investigation; and preparation of structural drawings indicating all structural steel and concrete work required for the project. Pursuant to the Rotfeld/McLaren

agreement, McLaren also agreed to provide contract administration services in the form of review of the contractor's detailed shop drawings and erection drawings for approval. Significantly, the Rotfeld/McLaren agreement did not obligate McLaren to provide site visits during construction, nor did it obligate McLaren to review Spectraserv's payment applications. During the course of construction, McLaren did not conduct any site visits, nor did it review Spectraserv's applications for payment.

Pursuant to its contractual obligations, McLaren prepared, signed and sealed drawings which were issued on March 27, 2000. The last transmittal for construction administration shop drawing review was dated November 13, 2000.

After construction was completed, McLaren was requested by Rotfeld to provide additional professional services. In this regard, Rotfeld requested that McLaren conduct a field visit because there were reports that there were leaks in the contact tank which was discovered while the tank was being tested. As a result, McLaren conducted several field visits between January 21, 2003 and March 26, 2004. McLaren prepared field reports documenting its observations from its field visits.

Based upon its observations, McLaren determined that the contact tank was not constructed in accordance with McLaren's plans and specifications. Specifically, it was discovered that the steel reinforcement bar placement did not conform to the contract drawings prepared by McLaren.

McLaren last provided design services required by its contract on November 13, 2000 when it completed its shop drawing review. McLaren's subsequent visits in 2003 and 2004 were additional services performed by McLaren and were completed by March 26, 2004. All of the professional engineering services provided by McLaren were provided in accordance with generally accepted engineering standards and practices and were completed, at the latest, by March 26, 2004.

## PROCEDURAL HISTORY

Greenburgh commenced its action against Spectraserv and Liberty on August 3, 2007. The first cause of action of the Complaint against Spectraserv is for breach of contract. Greenburgh alleges that Spectraserv materially breached its contractual obligations by failing to construct the contact tank in accordance with the contract drawings and failing to remove, replace or otherwise correct the non-conforming contact tank.

Greenburgh's second cause of action against Spectraserv alleges breach of express and implied warranties. Specifically, it is alleged that Spectraserv made express warranties to Greenburgh that all work performed would be in conformity with the contract drawings and specifications and that Spectraserv would remove, replace or otherwise correct any non-conforming work. It is further alleged that Spectraserv impliedly warranted to Greenburgh that the contact tank would be constructed in a skillful, careful and workmanlike manner consistent with proper design, engineering and construction standards and free of defects. Accordingly, it is alleged that Spectraserv breached both

the express and implied warranties made to Greenburgh.

The third and final cause of action in Greenburgh's Complaint is against Liberty pursuant to the performance bond issued for the project. It is alleged that although Liberty has been duly notified of the construction defects and of Spectraserv's default under the terms of the contract, Liberty has neither remedied the defaults nor completed the contract in accordance with its terms and conditions.

Spectraserv and Liberty commenced its third-party action against McLaren and Rotfeld on April 11, 2008. The Third-Party Complaint contains two causes of action. The first alleges that both third-party defendants breached their duty of care to Spectraserv by negligently drafting and delivering inaccurate and defective construction and design documents. It is further alleged that due to inaccuracies, defects and deficiencies in the construction and design documents, the contact tank developed cracks and imperfections.

The second cause of action in the Third-Party Complaint alleges tortious interference with contractual relations. Specifically, it is alleged that both McLaren and Rotfeld wrongfully and unreasonably withheld their approval of payment requisitions made by Spectraserv.

## POINT I

## SPECTRASERV'S/LIBERTY'S THIRD-PARTY COMPLAINT ALLEGING MALPRACTICE AND NEGLIGENCE AGAINST McLAREN IS BARRED BY THE STATUTE OF LIMITATIONS

In order to maintain an action for engineering malpractice and/or negligence, CPLR §214(6) requires that the action be commenced within three years where it is:

> An action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort.

Based upon a three-year statute of limitations, Spectraserv's/Liberty's commencement of the third-party action on April 11, 2008 is untimely. Pursuant to its contract with Rotfeld, McLaren was obligated to provide professional engineering design services and provide limited contract administration consisting of the review of the contractor's shop drawings. McLaren was not obligated to conduct site visits during the construction, nor was it obligated to review Spectraserv's payment applications.

Pursuant to its contractual obligations, McLaren prepared, signed and sealed drawings which were issued on March 27, 2000. The last transmittal for contract administration shop drawing review was dated November 13, 2000. Accordingly, McLaren's professional services pursuant to its contract were completed by November

13, 2000, more than seven years before the third-party action against it was commenced by Spectraserv/Liberty.

When it was discovered that there were problems with the contact tank, McLaren was requested by Rotfeld to provide additional professional services. As a result, McLaren conducted field visits because there were reports that there were leaks in the contact tank. As a result,, McLaren conducted a series of field visits between January 21, 2003 and March 26, 2004. Based upon these field visits, it was discovered that the contact tank was not constructed in accordance with McLaren's plans and specifications. Significantly, since McLaren's last field visit was conducted on March 26, 2004, professional engineering services provided by McLaren were completed, at the latest, by March 26, 2004. As a result, the commencement of the third-party action on April 11, 2008 renders it untimely by more than one year.

## POINT II

### SINCE NO PRIVITY OF CONTRACT EXISTED BETWEEN SPECTRASERV/LIBERTY AND McLAREN, SPECTRASERV/LIBERTY CANNOT MAINTAIN ITS CLAIMS AGAINST McLAREN

On a motion to dismiss a complaint under Rule 12(b)(6), the only question before the Court is whether the complaint sets forth a legally cognizable claim. United States v. Private Sanitation Industries Association of Nassau/Suffolk, Inc., 793 F.Supp. 1114 (E.D.N.Y. 1992); Roundtree v. City of New York, 778 F.Supp. 614 (E.D.N.Y. 1991). While the pleadings standard is a liberal one, bald assertions and conclusions of law will

not suffice to overcome a motion made under Rule 12(b)(6). Leeds v. Meltz, 85 F.3d 51 (2d Cir.1996).

Alternatively, a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). No genuine issue exists unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). Conclusory allegations, conjecture and speculation are insufficient to create a genuine issue of fact warranting denial of a motion for summary judgment. Kerzer v. Kingly Mfg., 156 F.3d 396 (2d Cir. 1998); Kulak v. City of New York, 88 F.3d 63 (2d Cir. 1996).

Spectraserv's/Liberty's negligence and tortious interference with contractual relations claims against McLaren warrant dismissal. A party may not recover in tort in the absence of privity of contract without establishing a special relationship of trust or confidence between the parties, which the Second Circuit has interpreted to mean a fiduciary-like relationship. See, e.g., Stewart v. Jackson & Nash, 976 F.2d 86 (2d Cir. 1992); Banque Arabe et Internationale D'Investissement v. Maryland National Bank, 57 F.3d 146 (2d Cir. 1995). The record in this case is devoid of any evidence that such a special relationship ever existed between Spectraserv/Liberty and McLaren.

In <u>Williams & Son Erectors, Inc. v. South Carolina Steel Corp.</u>, 983 F.2d 1176 (2d Cir. 1993), the Second Circuit affirmed the District Court's grant of an architect's F.R.C.P. 12(b)(6) motion dismissing the general contractor's claims for negligent misrepresentation relating to the architect's plans and specifications. In upholding the dismissal, the Second Circuit ruled that the District Court correctly held that the relationship between the architect and general contractor was insufficient to create a duty of care by the architect to the general contractor.

In <u>Williams</u>, the architect was retained to provide architectural services during the design and construction phases of the project and to prepare plans for the construction of the project that were distributed to prospective bidders for the construction contract. Pursuant to its contractual obligations, the architect attended a pre-bid meeting at which time it answered prospective bidders questions about the plans and, subsequent to the meeting, the architect forwarded the minutes of the meeting and written clarifications to prospective bidders. The Second Circuit held that the architect's role in attending the meeting and answering bidder's questions was as a representative of the owner and did not establish a direct relationship with the contractor. The Court further recognized that the architect answered all prospective bidders questions and not just the plaintiff-contractor's. Such isolated contact was insufficient to establish a special relationship in the absence of privity required for the imposition of liability for the contractor's economic damages under New York law. In dismissing the claim, the Second Circuit reaffirmed prior holdings that there must be some special circumstances, a client relationship or other extraordinary circumstances linking the two parties in order to

establish a viable claim in the absence of privity.

Similarly, in <u>Widett v. U.S. Fidelity and Guarantee Co.</u>, 815 F.2d 885 (2d Cir. 1987), the Second Circuit affirmed the District Court's dismissal of a contractor's claim against an architect. In <u>Widett</u>, the architectural firm was retained by the owner to prepare plans and specifications to be used in the construction of a park. The owner retained primary responsibility for the supervision of the work, employing a Clerk-of-the-Works to manage the project site. The contractor alleged that the architect negligently prepared site plans on which it relied to its detriment causing it to sustain economic damages. In affirming the dismissal of the contractor's claims against the architect, the Second Circuit held that the record failed to establish a sufficient nexus between the contractor and the architect that could serve as a substitute for contractual privity. The Court ruled that the contractor was not the architect's client and no other special circumstances existed to relax the contractual privity requirement and permit the contractor to seek its economic losses against the architect.

Consistent with this precedent, in <u>Morse/Diesel, Inc. v. Trinity Industries, Inc.</u>, 664 F.Supp. 91 (S.D.N.Y. 1987), <u>reversed on other grounds</u>, 859 F.2d 242 (2d Cir. 1988), the Second Circuit affirmed the dismissal of the plaintiffs-contractors' claims against an architect and engineer where there was no privity of contract between them and the contractors. In <u>Morse/Diesel</u>, the contractors alleged that the architect and engineer were negligent in failing to provide them with accurate and complete plans and specifications. In dismissing the contractors' complaints against both the architect and

engineer, the District Court held that the allegations failed to establish a sufficiently close relationship to overcome the absence of a contractual relationship. The Court further indicated that the "special circumstances" necessary to overcome the absence of contractual privity require instances where the design professional is essentially the contractor's client. In short, the Court found that the "relaxation of the privity requirement in lawsuits for negligence against architects would require extraordinary circumstances." 664 F.Supp. at 93.

The facts surrounding Spectraserv's/Liberty's claims simply do not demonstrate the extraordinary circumstances required by the established legal precedent, and therefore, the third-party claims against McLaren must therefore fail. In accordance with its contract with Rotfeld, McLaren prepared plans and specifications for the project and review of shop drawings. It did not conduct site visits during the construction, nor did it review Spectraserv's payment applications. Certainly, the professional engineering services provided by McLaren pursuant to its contract with Rotfeld do not establish the special relationship or the extraordinary circumstances necessary for Spectraserv's/Liberty's claims to survive.

Moreover, the site visits conducted by McLaren after problems with the contact tank were discovered did not create any special relationship between McLaren and Spectraserv, let alone the type of special relationship necessary to overcome the lack of privity between the parties. Accordingly, Spectraserv's/Liberty's claims fail as a matter of law.

## POINT III

## McLAREN BREACHED NO ALLEGED DUTY TO SPECTRASERV/LIBERTY

Even if there was the functional equivalent of privity between McLaren and Spectraserv/Liberty, which there was not, McLaren nonetheless breached no duty it owed to Spectraserv/Liberty. In this regard, as indicated in the Declaration of McLaren's principal, all of the professional engineering services provided by McLaren for the project were provided in accordance with generally accepted engineering standards and practices. Accordingly, even if McLaren owed Spectraserv/Liberty a duty, which it did not, McLaren breached no duty since it provided services in accordance with generally accepted professional engineering standards and practices. As a result, Spectraserv's/Liberty's cause of action sounding in negligence should be dismissed.

## POINT IV

## SPECTRASERV'S/LIBERTY'S CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS SHOULD BE DISMISSED

Paragraph 33 of the Third-Party Complaint alleges "Upon information and belief, third-party defendants McLaren and Rotfeld wrongfully and unreasonably withheld their approval of payment requisitions made by Spectraserv." As indicated by the Declaration of McLaren's principal, that allegation is demonstrably false. In this regard, McLaren's contract with Rotfeld did not obligate it to review Spectraserv's payment applications. Moreover, as indicated by the Declaration of McLaren's principal, McLaren

in fact did not review Spectraserv's applications for payment. Based upon the foregoing, the second cause of action in the Third-Party Complaint alleging tortious interference with contractual relations should be dismissed.

## CONCLUSION

For all the foregoing reasons, the Third-Party Complaint should be dismissed in its entirety.

DATED:   Garden City, New York
         July 11, 2008

                          Respectfully submitted,

                          L'ABBATE, BALKAN, COLAVITA
                          & CONTINI, L.L.P.
                          Attorneys for Third-Party Defendant
                          M.G. McLaren, P.C.

By: _____
     MARTIN A. SCHWARTZBERG (MAS-6764)
     Office & P.O. Address
     1001 Franklin Avenue, 3rd Floor
     Garden City, NY 11530
     (516) 294-8844

Of Counsel:
  Martin A. Schwartzberg, Esq.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

KAREN A. STAUDT, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Suffolk County, New York.

That on the 11th day of July, 2008, deponent served the within MEMORANDUM OF LAW upon:

MAZUR, CARP & RUBIN, P.C.
Attys for Plaintiff
1250 Broadway, Suite 3800
New York, NY 10001

WOLFF & SAMSON, P.C.
Attys for Defts/3rd-Party Plaintiffs
One Boland Drive
West Orange, NJ 07052

GOGICK, BYRNE & O'NEILL, LLP
Attys for 3rd-Party Deft Rotfeld
11 Broadway, Room 1560
New York, NY 10004-1314

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
KAREN A. STAUDT

Sworn to before me this
11th day of July, 2008

_____
Notary Public

MARTIN A. SCHWARTZBERG
Notary Public, State of New York
No. 02SC4959786
Qualified in Nassau County
Commission Expires December 11, 2009

R:\CPWin\History\080215_0001\10526.34