UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOWN OF GREENBURGH,<br><br>    Plaintiff,<br><br>vs.<br><br>SPECTRASERV, INC., and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Defendants.<br><br>SPECTRASERV, INC., and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>M.G. MCLAREN, P.C., and DOLPH ROTFELD ENGINEERING, PC,<br><br>    Third-Party Defendants. | Civil Action No. 07-CV-6966 (WCC)<br><br>ECF CASE<br><br>**THIRD-PARTY PLAINTIFFS' RESPONSE TO McLAREN'S RULE 56.1 STATEMENT** |

    Third-party plaintiffs Spectraserv, Inc. ("Spectraserv") and Liberty Mutual Insurance Company ("Liberty") respond as set forth below to the Rule 56.1 Statement submitted by third-party defendant M.G. McLaren, P.C. ("McLaren") in support of its motion for dismissal and/or summary judgment, and submits their own statement of additional material facts as to which there exists a genuine issue to be tried.

**THIRD-PARTY PLAINTIFFS' RESPONSE TO MCLAREN'S RULE 56.1 STATEMENT**

    1.    Third-party plaintiffs do not dispute paragraph 1.

    2.    Third-party plaintiffs do not dispute paragraph 2.

1141980.2

3. Third-party plaintiffs do not dispute that paragraph 3 contains a description of some of the services McLaren agreed to provide pursuant to the Rotfeld/McLaren agreement. However, to the extent that paragraph 3 purports to be a complete description of the services McLaren agreed to provide pursuant to the Rotfeld/McLaren agreement, paragraph 3 is disputed. (See the Declaration of Steve Kulcsar, ¶¶ 4,6 ("Kulcsar Decl.") and the Rotfed/McLaren agreement annexed as Exhibit "1" to the Declaration of Malcolm G/ McLaren, P.E. ("McLaren Decl.")).

4. Third-party plaintiffs do not dispute that paragraph 4 contains a description of some of the services McLaren agreed to provide pursuant to the Rotfeld/McLaren agreement. However, to the extent that paragraph 4 purports to be a complete description of the services McLaren agreed to provide pursuant to the Rotfeld/McLaren agreement, paragraph 4 is disputed. (SeeKulcsar Decl., ¶¶ 4,6 and McLaren Decl., Exh. 1).

5. Third-party plaintiffs dispute paragraph 5. Pursuant to the Rotfeld/McLaren agreement, McLaren agreed to perform site visits during construction of structural aspects of the project, which was billable at hourly rates. (See McLaren Decl., Exh. 1).

6. Third-party plaintiffs do not dispute paragraph 6 to the extent that McLaren was not required to review Spectraserv's payment applications pursuant to the Rotfeld/McLaren agreement. Third-party plaintiffs dispute paragraph 6 to the extent that it implies that McLaren did not have any input in review of Spectraserv's payment applications. (See Kulcsar Decl. ¶¶ 6,12 and the relevant sections of the General Conditions of the Contract between Greenburgh and Spectraserv annexed as Exhibit A thereto). Moreover, since there have been no discovery proceedings in this action, third-party plaintiffs can neither admit nor deny that McLaren did not review Spectraserv's payment applications.

7. Third-party plaintiffs do not dispute paragraph 7.

8. Since there have been no discovery proceedings in this action, third-party plaintiffs can neither admit nor deny the accuracy of the date set forth in paragraph 8 of McLaren's Rule 56.1 Statement.

9. Third-party plaintiffs dispute paragraph 9. All services provided by McLaren in connection with the project were not additional, but rather services performed in fulfillment of its obligations under the Rotfeld/McLaren contract. (See Kulcsar Decl. ¶¶ 4,12).

10. Third-party plaintiffs dispute paragraph 10. All services provided by McLaren in connection with the project were not additional, but rather services performed in fulfillment of its obligations under the Rotfeld/McLaren contract. (See Kulcsar Decl. ¶¶ 4,12). Additionally, McLaren provided services in connection with the project through November 2005. (See Kulcsar Decl. ¶ 11).

11. Third-party plaintiffs do not dispute paragraph 11.

**THIRD-PARTY PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS AS TO WHICH THERE EXISTS GENUINE ISSUE TO BE TRIED**

1. McLaren's and Rotfeld's defective design was the sole cause of the structural failure of the concrete tank. (See Kulcsar Decl. ¶ 11).

2. McLaren and Rotfeld did not provide professional engineering services for the project in accordance with generally accepted engineering standards and practices. (See Kulcsar Decl. ¶ 11).

3. The work completed by Spectraserv pursuant to its agreement with Greenburgh was not defective. (See Kulcsar Decl. ¶ 11).

4. On August 17, 2004, July 13, 2005, and November 17, 2005, representatives of both McLaren and Rotfeld actively participated in meetings with representatives of Spectraserv

and Greenburgh, the purpose of which included discussion of proposed alternatives, additional work, remediation and/or re-design of the Concrete Tank, in response to cracks and leaks that had been discovered. (See Kulcsar Decl., ¶11).

5. McLaren and/or Rotfeld reviewed and approved Spectraserv's Application and Certification for Payment No. 12 on or after August 31, 2005, resulting in Greenburgh's payment of the sum of $93,439.89 to Spectraserv on or about November 4, 2005. (See Kulcsar Decl., ¶ 12).

6. Spectraserv is entitled to payment of retainage in the amount of $173,100.80. (See Kulcsar Decl., ¶ 13).

7. McLaren and/or Rotfeld participated in Greenburgh's determination that it would reject Spectraserv's demands for final payment of the retainage. (See Kulcsar Decl., ¶ 14.

Dated : West Orange, New Jersey
August 1, 2008

**WOLFF & SAMSON PC**
Attorneys for Defendants/Third-Party Plaintiffs
Spectraserv, Inc. and Liberty Mutual Insurance Company

BY: _____
DARRYL WEISSMAN (DW-7369)
Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052
973-325-1500

1141980.2