UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   07 Civ. 6966
TOWN OF GREENBURGH,

                    Plaintiff,

      against,

SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                    Defendants.
-------------------------------------------------------------------X
SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                    Third-Party Plaintiffs,

      against,

M.G. McLAREN, P.C., and DOLPH ROTFELD
ENGINEERING, P.C.,

                    Third-Party Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. CIV. P. 12(B)(6)

### PRELIMINARY STATEMENT

      This Memorandum of Law is submitted in support of the instant motion pursuant to Fed. R. Civ. P §§12(b)(6) and 56(b) to dismiss third-party plaintiff's negligence and tortious interference claims as such claims had been made after the running of CPLR §§214(4),(6), the applicable statutes of limitations, and plaintiff's tortious interference claim should be dismissed as a matter of law as an agent cannot be held liable for inducing its principal to breach a contract with a third party.

# ARGUMENT

## PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

**A.   Plaintiff's negligence claim is barred by CPLR §214(6).**

Third-Party Plaintiff's Complaint (Exhibit B, ¶¶ 19-21) is barred by CPLR §214(6), which states that an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort, must be commenced within three years. Furthermore, the New York State Court of Appeals has held that "[i]n cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance." City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535 (1995), citing Sosnow v Paul, 36 N.Y.2d. 780 (1975), State of New York v Lundin, 60 N.Y.2d. 987 (1983), Cabrini Med. Ctr. v Desina, 64 NY2d 1059 (1985). The court also held that "[w]e made clear in Sears, Roebuck & Co. v Enco Assocs, 43 NY2d 389 that no matter how a claim is characterized in the complaint - negligence, malpractice, breach of contract - an owner's claim arising out of defective construction accrues on date of completion, since all liability has its genesis in the contractual relationship of the parties." Id. at 538.

In this case, The TOWN alleged that it entered into a contract with defendant Spectraserv, Inc. on June 22, 2000. (Exhibit A, ¶8) Pursuant to the contract, SPECTRASERV was obligated to construct a 10 million gallon per day water pumping station with a 500,000 gallon rectangular concrete tank known as a contact tank. (Complaint, ¶8). In addition, on or about March, 2004, third party defendant M.G. MCLAREN, P.C. conduced field investigations of the contact tank constructed by SPECTRASERV and concluded that SPECTRASERV failed

to construct the contact tank in accordance with the contract drawings and specifications. (Complaint, ¶10, 11). Consequently, there is no issue of fact that the tank must have been designed before March, 2004. Furthermore, as ROTFELD performed its design services before March, 2004, then the accrual date of the statute of limitations was, at the latest, in March, 2004, and the statute of limitations ran as of March, 2007. However, as this matter was commenced by service of a third-party complaint as of April, 2008, this matter must be dismissed as a matter of law pursuant to CPLR §214(6).

In opposition, plaintiff contends that the statute of limitations has been tolled as it and ROTFELD had a continuing professional relationship. ROTFELD does not disagree with the cases submitted by plaintiff regarding the doctrine of continuous representation. However, the doctrine does not apply to the facts submitted by plaintiff in its Affirmation in Opposition. In Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. (City of Gloversville Bd. of Water Commr.), 25 A.D. 3d 984 (3rd Dept, 2006) the court stated that "[t]he continuous representation doctrine, like the continuous treatment rule, . . . 'recognizes *that a person seeking professional assistance* has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered' (emphasis added) Id. at 986, citing Shumsky v Eisenstein, 96 N.Y.2d. 164, 167, 750 NE2d 67, 726 N.Y.S.2d. 365 (2001), quoting Greene v Greene, 56 N.Y.2d. 86, 94, 436 NE2d 496, 451 N.Y.S.2d 46 (1982); Pollicino v Roemer & Featherstonhaugh, 260 A.D.2d. 52, 54, 699 N.Y.S.2d. 238 (1999).

In this matter, there is no issue of fact that plaintiff never sought the services of ROTFELD. Rather, plaintiff was obligated to accept the plans submitted by the Town of Greenburgh and ROTFELD (See ¶7 of Kulcsar Affidavit), and as indicated by plaintiff, the

engineer "will decide all questions which may arise in relation to the work and the construction thereof." (See p. G-16 of contract attached to plaintiff's Affirmation)  Furthermore, plaintiff engaged its own engineer, FAZE Structural Engineers and Detailers, to perform an investigation of the structural integrity and serviceability of the concrete tank. (See ¶9 of Kulcsar Affidavit) Assuming, arguendo, that plaintiff participated in meetings with ROTFELD, plaintiff certainly was not relying on ROTFELD's advice.  Indeed, Kulcsar stated in his affidavit that:

> "At the meeting with Greenbugh on August 17, 2004, Malcolm McLaren and W. Richard Mahoney represented McLaren.  Dolph ROTFELD represented ROTFELD.  Spectraserv introduced to structural engineers, Vincent Feygin and Margaret Zaslvasky from FAZE, who summarized their investigation and findings that the failure of the concrete tank was solely due to defects in the Engineers's design.  (A copy of FAZE's Summary of Findings is annexed hereto as Exhibit B.)  McLaren summarily rejected FAZE's conclusions at that time and stated that its original calculations had been done properly.  FAZE was unable to verify McLaren's original calculations because they had been lost by McLaren." (See ¶11a of Kulcsar Affidavit)

Clearly, based on plaintiff's own statement, as late as August 17, 2004, plaintiff was not relying on ROTFELD when it engaged its own engineer to verify the engineering data and offer an opinion indicating that the design was faulty.  Consequently, plaintiff cannot claim that the continuing representation doctrine applies to toll the statue of limitations in this matter.

B. **Plaintiff's tortious interference claim is barred by CPLR §214(4)**

In addition, pursuant to CPLR §214(4), claims for tortious interference with contract and prospective contractual relations are subject to a three-year statute of limitations. See Legion of Christ, Inc. v. Rita Cohen Realty Services, Ltd., 1 A.D.3d 572, 572, 767 N.Y.S.2d 632, 632 (2nd Dept., 2003); Vanderminden v. Vanderminden, 226 A.D.2d 1037, 1043, 641 N.Y.S.2d 732, 738 (3rd Dept., 1996).

In this case, the third-party complaint fails to allege the date on which the alleged interference occurred. (Exhibit B, ¶¶29-35)  However, SPECTRASERV alleges in its Answer and Counterclaim that:

> "Notwithstanding Spectraserv's adherence to the Contract requirements, and the fact that Greenburgh had accepted and paid for Spectraserv's work (less monies improperly retained and/or withheld by Greenburgh), on or about June 22, 2004, Greenburgh advised Spectraserv and Liberty by letter that its engineer had concluded that Spectraserv failed to construct the contact tank in accordance with the contract drawings, that this severely reduced the capacity of the tank "to contain water pressure" (sic), and that Greenburgh had requested but not received from Spectraserv a "repair plan." (Exhibit C, ¶33)

Furthermore, SPECTRASERV alleges that "the statements in Greenburgh's June 22, 2004 letter regarding Spectraserv's performance, including the alleged conclusions of Greenburgh's engineer, are inaccurate and untrue, and were made in bad faith." (Exhibit, ¶34)  Based on these allegations, the alleged tortious interference occurred before June 22, 2004.  Consequently, the statute of limitations for the tortious interference with contractual relations claim ran on June 22, 2007, before the filing of the third-party complaint on April 8, 2008. (See Exhibit B.)  Therefore, this court must dismiss SPECTRASERV's tortious interference claim as a matter of law.

Plaintiff argues that the doctrine of continued representation applies to the toll the statute of limitations.  However, as discussed above, the doctrine of continued representation does not apply to this matter.

### PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM MUST BE DISMISSED AS A MATTER OF LAW.

The courts have consistently held that an agent cannot be held liable for inducing its principal to breach a contract with a third person if the agent is acting on behalf of his principal

and within the scope of his authority. Cunningham v. Lewenson, 294 A.D.2d 327 (2nd Dept, 2002), app. dism., Cunningham v. Lewenson, 99 N.Y.2d 531 (2002); Kartiganer Associates, P.C. v. New Windsor, 108 A.D.2d 898 (2nd Dept, 1985), app. dism., 65 N.Y.2d 925 (1985). In this case, there is no issue of fact that ROTFELD was an agent of the TOWN. (See Exhibit B, ¶9). Furthermore, there is no issue of fact that the TOWN entered into a contract with SPECTRASERV whereby SPECTRASERV agreed to install a 10 million gallon per day water pumping station with a 500,000 gallon rectangular concrete tank known as a contact tank. (Exhibit A, ¶8) Consequently, the court should dismiss the tortious interference with contractual relations claim as third-party plaintiffs cannot prove such a claim as a matter of law.

Plaintiff argues that ROTFELD was not an agent of the Town of Greenburgh. However, no issue of fact exists that the Town of Greenburgh had held the engineers out as having authority with respect to reviewing plaintiff's work. See Techcon Contr., Inc. v. Vill. of Lynbrook, 12 Misc. 3d 1195A; 824 N.Y.S.2d 770 (Nassau County,. 2004) In this matter, Plaintiff admits that a contract existed between The Town of Greenburgh and Dolph ROTFELD. (See ¶3 of Kulcsar Affidavit) In addition, the contract between plaintiff and the Town of Greenburgh expressly stated that: "[t]he term "engineer" means the Town Engineer of the Town of Greenburgh, or such of his subordinates or assistants as have Project Engineer status." (See p. G-1 of Contract attached to plaintiff's Affirmation in Opposition.)

Furthermore, the contract stated that:

> "Engineer's Authority - The engineer will decide all questions which may arise in relation to the work and the construction thereof. The Engineer's estimates and decisions shall be final and conclusive, except as herein otherwise expressly provided. In case any question shall arise between the parties hereto relative to said Contract, the determination or decision of the Engineer shall be a

condition precedent to the right of the Contractor to receive any money or payment for work under this Contract affected in any manner or to any extent by such question." (p. G-16 of Contract attached to plaintiff's Affirmation in Opposition.)

Furthermore, the engineers clearly acted within the scope of their authority if, as alleged by plaintiff, they reviewed plaintiff's work. Consequently, ROTFELD cannot be held liable to plaintiff for alleged nonpayment by the Town of Green burgh.

**WHEREFORE**, DOLPH ROTFELD ENGINEERING, P.C. respectfully requests that the Court issue an Order dismissing Third-Party Plaintiffs SPECTRASERV, INC. and LIBERTY MUTUAL INSURANCE COMPANY Third Party Complaint against DOLPH ROTFELD ENGINEERING, P.C.; or issuing any other relief the court deems just and proper.

Dated:   New York, New York
         August 7, 2008

Yours, etc.,
**GOGICK, BYRNE & O'NEILL, LLP**
Attorneys for Defendant:
DOLPH ROTFELD ENGINEERING, P.C.

By: Kevin J. O'Neill (5113)
11 Broadway, Suite 1560
New York, New York 10004
Tel. No.: (212) 422-9424

To:

Ira M. Schulman, Esq. (IS-8452)
Mazur, Carp & Rubin, P.C.
1250 Broadway, 38th Floor
New York, NY 10001
Phone (212) 686-7700

Attorneys for Town of Greenburgh

Martin Schwartzberg, Esq.
L'Abbate, Balkan, Colavita & Contini
1001 Franklin Avenue
Garden City, NY 11530

Attorneys for M.G. MCLAREN, P.C.

P:\400\472-186\Legal\Reply Memo of law for mtn to dismiss.doc

Darryl Weissman, Esq. (DW-7369)
Wolf & Samson, PC
One Boland Drive
West Orange, New Jersey 07052
Phone (973) 325-1500

Attorneys for Spectraserv, Inc. and
Liberty Mutual Insurance Company