UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TOWN OF GREENBURGH,                              **ECF CASE**
                                                 07 Civ. 6966 (WCC)
                Plaintiff,

   -against-

SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                Defendants.
-----------------------------------------------------------------X
SPECTRASERV, INC. and LIBERTY MUTUAL
INSURANCE COMPANY,

                Third-Party Plaintiffs,

   -against-

M.G. McLAREN, P.C. and DOLPH ROTFELD
ENGINEERING, P.C.,

                Third-Party Defendants.
-----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THIRD-PARTY DEFENDANT M.G.
McLAREN, P.C.'S MOTION TO DISMISS PURSUANT
TO F.R.C.P. 12(b)(6) and F.R.C.P. 56(b)**

Of Counsel:
  Martin A. Schwartzberg, Esq.

## **TABLE OF CONTENTS**

Preliminary Statement ...................................................................................................... 1

POINT I -- The Continuous Representation Doctrine Does Not Apply, And Therefore, The Third-Party Plaintiffs' Complaint Is Barred By The Applicable Three-Year Statute Of Limitations ................................................. 2

POINT II -- Spectraserv's/Liberty's Failure To Submit Evidence In Admissible Form Renders Its Opposition Deficient As A Matter Of Law ........................................ 6

POINT III -- McLaren Did Not Tortiously Interfere With Spectraserv Contract ............................................................................ 8

CONCLUSION ............................................................................................... 10

## **PRELIMINARY STATEMENT**

Third-party defendant M.G. McLaren, P.C. ("McLaren"), submits this reply memorandum of law in further support of its motion pursuant to F.R.C.P. 12(b)(6) and F.R.C.P. 56(b), which seeks dismissal of the Third-Party Complaint of Spectraserv, Inc. ("Spectraserv") and Liberty Mutual Insurance Company ("Liberty"). It is respectfully submitted that third-party plaintiffs' opposition fails to provide any grounds warranting denial of McLaren's motion.

In the first instance, the Third-Party Complaint is barred by the applicable three-year statute of limitations. While the third-party plaintiffs claim that there was a "continuous representation" between Spectraserv and McLaren, no such engineer-client relationship existed which would toll the statute of limitations. In this regard, McLaren provided its services pursuant to contract to the third-party defendant Dolph Rotfeld Engineering, P.C. ("Rotfeld"). As such, there was no engineer-client relationship with the third-party plaintiffs which would enable them to employ a continuous representation exception in order to toll the applicable three-year statute of limitations.

The third-party plaintiffs' Complaint must also be dismissed since they have failed as a matter of law to raise a triable issue of fact as to whether McLaren's services breached a professional standard of care. Specifically, third-party plaintiffs failed to submit evidence in admissible form to establish that McLaren breached a professional standard of care. No expert affidavit was annexed to the third-party plaintiffs' opposition papers and the report submitted by third-party plaintiffs' purported expert is not in admissible form, and therefore, is of no evidentiary value.

The third-party plaintiffs' Complaint must also be dismissed since it has failed to state a viable claim for tortious interference with contract. It is uncontroverted that McLaren was not obligated to, nor did it, review Spectraserv's payment applications. Accordingly, McLaren cannot be liable for Spectraserv's failure to receive payment from the plaintiff Town of Greenburgh ("Greenburgh").

## POINT I

### THE CONTINUOUS REPRESENTATION DOCTRINE DOES NOT APPLY, AND THEREFORE, THE THIRD-PARTY PLAINTIFFS' COMPLAINT IS BARRED BY THE APPLICABLE THREE-YEAR STATUTE OF LIMITATIONS

The following facts are uncontroverted:

- McLaren had a contractual relationship with Rotfeld, and not Spectraserv;

- McLaren's signed and sealed drawings for the project were issued on March 27, 2000;

- The last transmittal for construction administration shop drawing review was dated November 13, 2000;

- McLaren's last additional service was provided by March 26, 2004; and

- The Third-Party Complaint was filed on April 11, 2008.

In an attempt to avoid the application of the three-year statute of limitations and dismissing the Third-Party Complaint as time-barred, the third-party plaintiffs contend that the "continuous representation" doctrine somehow applies, which would make the Third-Party Complaint timely. In this regard, alleged meetings attended by representatives of Greenburgh, Spectraserv, Rotfeld and McLaren allegedly tolled the statute of limitations.

However, as detailed below, the continuous representation doctrine does not apply under the facts of this case.

The continuous representation doctrine:

> Reflects both the unfairness of requiring the injured **client** to challenge its professional adviser while remedial efforts are underway (citations omitted) and the potential abuse where the negligent adviser attempts to avoid liability by diverting the **client** from bringing a legal action until the limitations period expires (citation omitted). (emphasis added). Matter of Arbitration Between Clark Patterson Engineers and Gloversville Bd. of Water Commissioners, 25 A.D.3d 984, 809 N.Y.S.2d 247 (3d Dep't 2006).

Accordingly, the continuous representation doctrine necessarily requires the existence of a client relationship with the party seeking to assert it. See, also, Shumsky v. Eisenstein, 96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001). In this case, since neither of the third-party plaintiffs were McLaren's client, they cannot avail themselves of the continuous representation doctrine. It is uncontroverted that McLaren's client in this case was Rotfeld, with whom it had a contract.

The cases cited in the third-party plaintiffs' opposition brief addressed whether the continuous representation doctrine would apply where there was a contractual relationship between the parties. For example, in Clark Patterson, supra, there was a contractual relationship between the parties to provide professional engineering services. Similarly, in all of the following cases cited by the third-party plaintiffs, there was also a contractual relationship establishing that the plaintiff was a client of the defendant engineer. Town of Wawarsing v. Camp, Dresser & McKee, Inc., 49 A.D.3d 1100, 855

N.Y.S.2d 691 (3d Dep't 2008); M.G. McLaren, P.C. v. Massand Engineering, L.S., P.C., 51 A.D.3d 878, 858 N.Y.S.2d 340 (2d Dep't 2008); City of New York v. Castro-Blanco, Piscioneri & Associates, P.C., 222 A.D.2d 226, 634 N.Y.S.2d 489 (1st Dep't 1995).

The third-party plaintiffs place great weight upon the case of Greater Johnstown City School District v. Cataldo & Waters, Architects, P.C., 159 A.D.2d 784, 551 N.Y.S.2d 1003 (3d Dep't 1990) in support of its argument that the continuous representation doctrine applies. However, in Greater Johnstown, as in all of the cases cited above, there was a contractual relationship between the plaintiff and the defendant architect. Accordingly, the facts in Greater Johnstown are clearly distinguishable.

It is also important to note that, in analogizing Greater Johnstown to this case, third-party plaintiffs have mischaracterized the relationships between the parties. In the first instance, the third-party plaintiffs repeatedly refer to Rotfeld and McLaren collectively as the "engineers", when the two are separate and distinct engineering firms which had separate and distinct contractual relationships. In this regard, Rotfeld was retained by Greenburgh, while McLaren was a sub-consultant to Rotfeld. It was Rotfeld, and not McLaren, who prepared project specifications, as evidenced by Rotfeld's seal on the cover page to the General Conditions of the contract between Greenburgh and Spectraserv annexed to the Declaration of Spectraserv's Vice President, Steve Kulcsar ("Kulcsar"). Accordingly, while the third-party plaintiffs attempt to group both third-party defendants together, there are important distinctions with regard to the contractual relationships.

Another mischaracterization contained within the third-party plaintiffs' opposition papers is that McLaren performed site visits during construction. However, a careful review of the Rotfeld/McLaren contract indicates that site visits, and the other alleged "substantial construction administration responsibilities", were specifically listed as exclusions to the basic services provided by McLaren pursuant to its contract with Rotfeld. Moreover, as sworn to under oath by McLaren's principal, McLaren did not conduct any site visits, nor did it review Spectraserv's applications for payment.[1] Accordingly, the third-party plaintiffs' attempt to analogize the facts of this case with that of <u>Greater Johnstown</u> must fail, as McLaren performed no site inspections during the course of construction, nor did it review payment requisitions.

Third-party plaintiffs' attempts to employ the continuous representation doctrine based upon McLaren's attendance at meetings must also fail, since McLaren's attendance at those meetings were for the benefit of its client, Rotfeld, and not for Spectraserv or Liberty. McLaren owed no duty to the third-party plaintiffs since they were not its client, nor was there a contractual obligation upon McLaren to provide services to them.

Based upon the foregoing, the third-party plaintiffs cannot avail themselves of the continuous representation doctrine. The last design services by McLaren were provided to its client Rotfeld on March 27, 2000, when the signed and sealed drawings were issued. McLaren's last review of shop drawings was conducted on November 13, 2000. Moreover, the last additional services provided by McLaren to Rotfeld were

---

[1] McLaren Declaration, ¶4.

completed by March 26, 2004, making the April 11, 2008 commencement of the third-party action against McLaren untimely.

## POINT II

### SPECTRASERV'S/LIBERTY'S FAILURE TO SUBMIT EVIDENCE IN ADMISSIBLE FORM RENDERS ITS OPPOSITION DEFICIENT AS A MATTER OF LAW

McLaren's motion also seeks summary judgment pursuant F.R.C.P. 56(b) on the grounds that all of the services provided by McLaren were in accordance with generally accepted engineering standards and practices. In support of that contention, McLaren submitted the Declaration of its principal, who is fully familiar with the services provided by McLaren for the project. In opposition, third-party plaintiffs submitted the Declaration of Spectraserv's Vice President, who is not a licensed professional engineer and the unsworn report of Faze Structural Engineers & Detailers, Inc. ("Faze"), which is not in admissible form. Due to the failure of the third-party plaintiffs to submit an affidavit in admissible form from a professional engineer to claim some breach of a professional standard of care, the opposition papers are deficient as a matter of law.

It is well-established in New York law that unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a prima facie case of malpractice. Sitts v. United States, 811 F.2d 736 (2d Cir. 1987), citing the New York Court of Appeals case of 530 East 89 Corp. v. Younger, 43 N.Y.2d 776, 402 N.Y.S.2d 382 (1977), which held that in an action against an engineer or architect based upon allegations of professional negligence and malpractice, it is incumbent upon the plaintiff to

present expert testimony, without which plaintiff's claims necessarily fail. As the Court of Appeals reiterated in 530 East 89 Corp., presented with the inherently technical allegations involved in malpractice allegations against design professionals, it is difficult, if not impossible, for a jury to evaluate the allegations without a standard of competent practice based upon expert testimony. Simply put, "common experience and observation offer little guidance." 530 East 89 Corp. v. Unger, 402 N.Y.S.2d at 383. See, also, Tower Building Restoration, Inc. v. 20 East 9th Street Apartment Corp., 7 A.D.3d 407, 776 N.Y.S.2d 485 (1st Dep't 2004) (third-party claims against architect dismissed where third-party plaintiffs failed to submit expert affidavit in opposition to motion for summary judgment); Sheehan v. Pantelidis, 6 A.D.3d 251, 774 N.Y.S.2d 336 (1st Dep't 2004) (plaintiff's failure to offer expert affidavit was fatal to its malpractice claim against an architect).

Instead of submitting an expert affidavit to oppose McLaren's motion, third-party plaintiffs instead claim that McLaren's affidavit stating that its plans were prepared in accordance with generally accepted engineering standards and practices is "conclusory". What Spectraserv/Liberty fail to realize is that McLaren's affidavit was sufficient to establish prima facie evidence of its entitlement to summary judgment. In 470 Owners Corp. v. Richard L. Heimer, P.E., P.C., 258 A.D.2d 558, 685 N.Y.S.2d 747 (2d Dep't 1999), defendant engineer Heimer was sued for engineering malpractice and moved for summary judgment seeking a dismissal of all claims against him. The Second Department held that Heimer met his initial burden of demonstrating entitlement to judgment as a matter of law by establishing, according to his own expert opinion, that his services were provided in accordance with generally accepted engineering standards and practices. The Court further noted that the plaintiff failed to raise a genuine issue of material fact since no

affidavit from an expert was submitted to indicate that Heimer breached the appropriate standard of care. The third-party plaintiffs have likewise failed to do so in this case, which should result in the dismissal of the third-party claims against McLaren.

In support of its contention that McLaren's affidavit is conclusory, the third-party plaintiffs rely upon three medical malpractice cases where the Court held that a defendant's expert's affidavit was insufficient. Clearly, those three cases are distinguishable on several grounds. In the first instance, none of them concern a case of alleged engineering malpractice. More significantly, in each case, the affidavit was from an expert and not from the actual doctor accused of malpractice. In contrast, the Declaration in this case is from the principal of McLaren, who is fully familiar with the facts and circumstances surrounding the project. Accordingly, the holding in <u>470 Owners Corp.</u> establishes that McLaren's affidavit alone was sufficient to establish <u>prima facie</u> evidence of its entitlement to summary judgment. It was therefore incumbent upon the third-party plaintiffs to submit expert testimony in admissible form to establish a triable issue of fact. Since the third-party plaintiffs have failed to do so, McLaren is entitled to summary judgment as a matter of law.

### POINT III

### McLAREN DID NOT TORTIOUSLY INTERFERE WITH SPECTRASERV'S CONTRACT

Although Spectraserv/Liberty have not submitted any evidence to establish that McLaren did review Spectraserv's payment applications, the third-party plaintiffs nevertheless claim that somehow McLaren tortiously interfered with Spectraserv's contract with Greenburgh. McLaren's principal has stated under oath that it did not review

- 8 -

Spectraserv's payment applications which Spectraserv claims were not paid in full. Rather, as acknowledged by Spectraserv's Vice President, it was Greenburgh's representative who advised that it had no intention of paying Spectraserv due to the "engineer's" opinion that the cracks and leaks were not caused by any deficiency in the design, and therefore, must have been caused by construction defects attributable to Spectraserv.[2] Again, the third-party plaintiffs rely upon the generic term "engineers" to evade any direct allegations against McLaren.

Moreover, McLaren cannot be accused of tortiously interfering with Spectraserv's contract when it was merely performing its contractual obligations to Rotfeld, its client. An agent cannot be held liable for inducing his principal to breach a contract with a third person, at least where he is acting on behalf of his principal and within the scope of his authority. Kartiganer Associates, P.C. v. Town of New Windsor, 108 A.D.2d 898, 485 N.Y.S.2d 782 (2d Dep't 1985). McLaren is even further removed from the alleged tortious interference with contract since its client was Rotfeld and not Greenburgh which was responsible for paying Spectraserv. It is clear that the General Conditions to Spectraserv's contract with Greenburgh identified the "engineer" as the Town Engineer, Rotfeld. Accordingly, there is simply no basis for the third-party plaintiffs to allege that McLaren somehow interfered with Spectraserv's contract with Greenburgh.

---

[2] Kulcsar Declaration, ¶14.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that McLaren's motion should be granted in its entirety.

DATED:  Garden City, New York
        August 21, 2008

                                        Respectfully submitted,

                                        L'ABBATE, BALKAN, COLAVITA
                                         & CONTINI, L.L.P.
                                        Attorneys for Third-Party Defendant
                                        M.G. McLaren, P.C.

                                        By: _____
                                            MARTIN A. SCHWARTZBERG (MAS-6764)
                                        Office & P.O. Address
                                        1001 Franklin Avenue, 3rd Floor
                                        Garden City, NY 11530
                                        (516) 294-8844

Of Counsel:
  Martin A. Schwartzberg, Esq.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NASSAU   )

KAREN A. STAUDT, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Suffolk County, New York.

That on the 21st day of August, 2008, deponent served the within REPLY MEMORANDUM OF LAW upon:

MAZUR, CARP & RUBIN, P.C.　　WOLFF & SAMSON, P.C.
Attys for Plaintiff　　　　　　Attys for Defts/3rd-Party Plaintiffs
1250 Broadway, Suite 3800　　One Boland Drive
New York, NY 10001　　　　　　West Orange, NJ 07052

GOGICK, BYRNE & O'NEILL, LLP
Attys for 3rd-Party Deft Rotfeld
11 Broadway, Room 1560
New York, NY 10004-1314

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
KAREN A. STAUDT

Sworn to before me this
21st day of August, 2008

_____
Notary Public

MARTIN A. SCHWARTZBERG
Notary Public, State of New York
No. 02SC4959786
Qualified in Nassau County
Commission Expires December 11, 2009